# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

| | |
|---|---|
| FLORIDA RISING TOGETHER, et al. | Case No. 4:21-cv-201-MW/MJF |
| Plaintiffs, | |
| v. | |
| LAUREL M. LEE, et al. | |
| Defendants. | |

## FLORIDA RISING TOGETHER PLAINTIFFS' OPPOSITION TO DEFENDANT LEE'S MOTION TO DISMISS

Plaintiffs Florida Rising Together, Faith in Florida, UnidosUS, Equal Ground Education Fund, Hispanic Federation, Poder Latinx, Haitian Neighborhood Center Sant La, and Mi Familia Vota ("Plaintiffs") oppose the motion to dismiss (ECF 49) submitted by Defendant Secretary of State Laurel M. Lee ("Secretary Lee"). Earlier today, Plaintiffs filed an Amended Complaint as of right under Rule 15(a). *See* Ex. 1. Accordingly, Secretary Lee's motion to dismiss is now moot. The Court should therefore deny the motion to dismiss. In the event that the Court deems Secretary Lee's motion not moot, Plaintiffs request an opportunity to provide a substantive response to the motion.

## BACKGROUND

SB 90 was enacted and became effective on May 6, 2021, and was designed to immediately impose substantial restrictions on the ability of eligible persons to register to vote and cast ballots, with a disproportionate impact on Black and Latino voters. Plaintiffs are eight organizations that, among other things, directly work to educate, mobilize, and support Black and Latino voters. In this suit, Plaintiffs have challenged provisions in four sections of SB 90 – Sections 7, 24, 28 and 29. ECF 1, 59 (Amended Complaint).

On June 25, 2021, Secretary Lee moved to dismiss six of the seven claims alleged, primarily for purported deficiencies in pleading. ECF 40.

Plaintiffs have now filed an Amended Complaint. Ex. 1. This complaint supersedes the original complaint, and Defendant's motion to dismiss should be denied as moot in light of Plaintiffs' amended pleading. In the alternative, if the Court finds the motion is not mooted by the Amended Complaint, Plaintiffs request an opportunity to provide a substantive response to the motion.

## ARGUMENT

Defendant Lee's motion to dismiss should be denied as moot because it is directed to a complaint that has since been superseded by Plaintiffs' Amended Complaint.

Earlier today, Plaintiffs amended their complaint as a matter of right. Pursuant to Federal Rule of Civil Procedure 15, "[a] party may amend its pleading once as a matter of course within . . . 21 days after service of a motion under Rule 12(b)." Fed. R. Civ. P. 15(a)(1)(B).

The filing of a timely amended complaint moots a pending motion to dismiss. In the Eleventh Circuit, "[t]he law is well-settled that . . . [the filing of an] amended complaint renders moot a motion to dismiss the original complaint because the motion seeks to dismiss a pleading that has been superseded." *Phoenix Ent. Partners, LLC v. Jellyfish, LLC*, 2018 WL 10517181, at *1 (N.D. Fla. Apr. 12, 2018) (citing *Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1345 n.1 (11th Cir. 1996)); *accord Gulf Coast Recycling, Inc. v. Johnson Controls, Inc.*, 2008 WL

3

434880, at *1 (M.D. Fla. Feb. 14, 2008) ("The filing of the amended complaint renders Defendants' earlier filed Motion to Dismiss moot."); *Caring People, Inc. v. Dunn*, 2015 WL 12720331, at *1 (S.D. Fla. Nov. 4, 2015) (same); *see also* Order Denying Motion to Dismiss as Moot, *Fla. State Conference of Branches & Youth Units of the NAACP et al. v. Laurel M. Lee et al.*, No. 4:21cv187-MW/MAF (N.D. Fla. June 14, 2021), ECF 47 (denying Secretary Lee's motion to dismiss as moot in light of filing of an amended complaint).

Secretary Lee's motion was largely predicated on purported deficiencies in pleading. Those arguments were meritless as to the original Complaint, but they are indisputably so in light of the Amended Complaint. Specifically, with regard to the Plaintiffs' claims under the Fourteenth and Fifteenth Amendments (Counts II and III):

- Secretary Lee argued (incorrectly) that the Complaint failed to adequately allege impact sufficient to "establish a pattern unexplainable on grounds other than race." ECF 49-1 at 14-15. The Amended Complaint specifically alleges a clear pattern: the four challenged provisions all "targeted precisely those strategies and mechanisms successfully employed by Plaintiffs and other similar organizations in the 2020 election to mobilize Black and Latino voters" by placing "disproportionate burdens on Black [and Latino] voters." Amended

Complaint ("AC") ¶¶ 4, 6, 7-10, 14, 17, 110, 116, 121, 125, 129, 134-135, 145, 153.

- Secretary Lee argued (incorrectly) that the Complaint's discussion of "historical background" was limited to discussion of "obviously discriminatory laws from the 1880's and 1890s" without linking that discussion to SB 90.  ECF 49-1 at 15-17.  The Amended Complaint specifically addresses more recent discriminatory efforts by the Florida Legislature, including efforts from 2020, 2019, 2018, 2017, 2012, and 2011.  AC ¶¶ 3, 68, 74-78.

- Secretary Lee argued (incorrectly) that the Complaint's discussion of "procedural and substantive departures" was limited to discussion of use of a "strike all" amendment, which the Secretary asserts the Court should rule, as a matter of law, did not constitute a procedural departure.  ECF 49-1 at 17-18.  The Amended Complaint specifically alleges other procedural and substantive departures, including severe limiting of public testimony and comment, a rushed approval process that prevented review of the bill, restrictions on debate over amendments, and radical curtailment of floor debate.  AC ¶¶ 91, 99-104.

- Secretary Lee argued that the Complaint's discussion of statements of key legislators was insufficient.  ECF 49-1 at 18-19.  The Amended

5

Complaint specifically identifies statements from key legislators making clear that the impact and intent of the law was to target Black and Latino voters, and that the explanations of the legislative sponsors were pretext for discriminatory motives. AC ¶¶ 11-13, 81, 85, 86, 92, 93, 94, 95, 122, 138, 150.

- Secretary Lee argued (incorrectly) that the Complaint's discussion of the "foreseeability and knowledge of disparate impact" of SB 90 was insufficient. ECF 49-1 at 19-20. The Amended Complaint specifically alleges facts that demonstrate the legislative sponsors could foresee and knew of the disparate impact, including efforts by key legislators to survey the Supervisor of Elections Defendants on the impact of particular provisions. AC ¶¶ 7-10, 85, 86, 87, 88, 110, 116, 121, 143, 150, 152, 158, 159, 161.

- Secretary Lee argued (incorrectly) that the Complaint "made no attempt to allege less discriminatory alternatives to the 2021 Law." ECF 49-1 at 20. The Amended Complaint specifically identifies less discriminatory alternatives, as well as the Florida Legislature's consideration and rejection of such alternatives. AC ¶¶ 89, 92, 143, 160.

Similarly, with regard to the Voting Rights Act Section 2 claim (Count I), Secretary Lee argued that the Complaint failed to allege that SB 90 resulted in Black and Latino voters having "less opportunity than other members of the electorate to participate in the political process and to elect representatives of their choice," and that the Complaint contains no allegations of discriminatory effect. ECF 49-1 at 20-22. The Amended Complaint details how each of the contested provisions denies Black and Latino voters an equal opportunity to participate in the political process and elect representatives of their choice, AC ¶¶ 18, and contains extensive discussion of how the provisions will impact Black and Latino voters. AC ¶¶ 7-10, 26, 32, 45, 52, 14, 17, 110, 116, 121, 125, 129, 134-135, 145, 153.

Defendant Lee's arguments regarding Plaintiffs' standing to assert that Section 29's bar on providing assistance to a voter is preempted by Section 208 of the Voting Rights Act (which expressly permits providing assistance to "any voter") in Count VI is similarly premised on misconstruing the Complaint, and has been addressed by the Amended Complaint. ECF 49-1 at 43-46. The Amended Complaint explains that as the "Chief Elections Officer," Defendant Lee can redress the violation by issuing interpretative enforcement guidance that Section 29 does not bar the forms of assistance permitted by Section 208. AC ¶¶ 58, 218. Indeed, elsewhere in her Motion, Defendant Lee purports to provide precisely such guidance on how Section 29 should be interpreted. ECF 49-1 at 24. Additionally, Defendant

7

Lee ignores that numerous Plaintiffs have alleged that they provide language and other assistance to voters on election day. AC ¶¶ 10, 22, 26, 29, 32, 40, 43, 49.

Because Defendant Lee's motion to dismiss is moot, it should be denied. *See, e.g.*, *Phoenix*, 2018 WL 10517181, at *1; *Caring People*, 2015 WL 12720331, at *1.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully ask the Court to deny Secretary Lee's motion to dismiss the original complaint as moot, or in the alternative, deny the motion on the merits. If the Court finds that the motion is not moot, Plaintiffs request an opportunity to provide a substantive response to the motion.

Dated: July 9, 2021                                     Respectfully submitted,

s/    *Kira Romero-Craft*

| | |
|---|---|
| JOHN A. FREEDMAN* | KIRA ROMERO-CRAFT |
| JEREMY C. KARPATKIN | Florida Bar No. 49927 |
| ELISABETH S. THEODORE* | MIRANDA GALINDO** |
| SAM I. FERENC* | LatinoJustice, PRLDEF |
| Arnold & Porter Kaye Scholer LLP | 523 W Colonial Dr. |
| 601 Massachusetts Ave., NW | Orlando, FL 32804 |
| Washington, D.C. 20001-3743 | (321) 418-6354 |
| 202-942-5000 | Kromero@latinojustice.org |
| John.Freedman@arnoldporter.com | Mgalindo@latinojustice.org |
| Jeremy.Karpatkin@arnoldporter.com | |
| Elisabeth.Theodore@arnoldporter.com | BRENDA WRIGHT* |
| Sam.Ferenc@arnoldporter.com | DEMOS |
| | 80 Broad St, 4th Flr |
| JEFFREY A. MILLER* | New York, NY 10004 |
| Arnold & Porter Kaye Scholer LLP | (212) 633-1405 |
| 3000 El Camino Road | bwright@demos.org |
| Five Palo Alto Square, Suite 500 | |
| Palo Alto, CA 94306-3807 | JUDITH BROWNE DIANIS** |
| (650) 319-4500 | GILDA R. DANIELS |
| Jeffrey.Miller@arnoldporter.com | JORGE VASQUEZ** |
| | SABRINA KHAN** |
| AARON STIEFEL* | ESPERANZA SEGARRA |
| DANIEL R. BERNSTEIN* | Florida Bar No. 527211 |
| Arnold & Porter Kaye Scholer LLP | SHARION SCOTT** |
| 250 West 55th Street | ADVANCEMENT PROJECT |
| New York, NY 10019-9710 | 1220 L Street, N.W., Suite 850 |
| (212) 836-8000 | Washington, DC 20005 |
| Aaron.Stiefel@arnoldporter.com | (202) 728-9557 |
| Daniel.Bernstein@arnoldporter.com | Jbrowne@advancementproject.org |
| | Gdaniels@advancementproject.org |
| *Attorneys for Plaintiffs* | Jvasquez@advancementproject.org |
| *\*Admitted pro hac vice* | Skhan@advancementproject.org |
| | Esegarra@advancementproject.org |
| *\*\*Application for admission pro hac vice forthcoming* | Sscott@advancementproject.org |

9

## LOCAL RULE 7.1(F) CERTIFICATION

Pursuant to Local Rule 7.1(F), this memorandum contains 1395 words, excluding the case style, signature block, and certificate of service.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document was served on all counsel of record through the Court's CM/ECF system on the 9th of July, 2021.

s/     *Kira Romero-Craft*
Attorney for Plaintiffs