IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**LEAGUE OF WOMEN VOTERS
OF FLORIDA, INC., et al.,**

    *Plaintiffs*,

v.                                     Case No.:  4:21cv186-MW/MAF
                                                4:21cv187-MW/MAF
**LAUREL M. LEE, in her official**           4:21cv201-MW/MJF
**capacity as Florida Secretary of**            4:21cv242-MW/MAF
**State, et al.,**

    *Defendants*,

**and**

**NATIONAL REPUBLICAN
SENATORIAL COMMITTEE and
REPUBLICAN NATIONAL
COMMITTEE,**

    *Intervenor-Defendants.*
_____/

## PROTECTIVE ORDER

The parties in the above-listed consolidated cases jointly move for the entry of a protective order. ECF No. 157. The motion is **GRANTED**.

In consideration of prior orders of the Federal court, and more specifically, upon the prior protective orders already entered in this case between Plaintiffs and Defendants, Supervisors of Elections, pertaining to much of the same records and information subject to production by Defendant, Laurel M. Lee, in her official

capacity as Florida Secretary of State (the "Secretary"), undersigned counsel for Plaintiffs and the Secretary in the above-captioned actions (the "Actions") hereby stipulate and agree to this Protective Order (the "Order") to authorize limited disclosure by the Secretary—and to prevent the further disclosure—of information that is exempt or confidential under sections 97.0585, and 101.62(3), and/or other Florida Statutes, including but not limited to Chapter 119 ("Confidential Information").

1. This Order applies only to Confidential Information in documents produced in response to (a) requests for document production served by Plaintiffs on the Secretary in connection with these Actions; and (b) business records provided by the Secretary in response to an interrogatory under Fed. R. Civ. P. 33(d).

2. The Secretary may produce Confidential Information to the other parties in these Actions notwithstanding the exemptions and confidentiality provisions of sections 97.0585 and 101.62(3), and/or other Florida Statutes, including but not limited to Chapter 119. The Secretary shall designate as "Confidential" the documents that contain Confidential Information. The designated documents may not be provided to or reviewed by any person other than: counsel in these Actions and their paralegals and support staff; testifying and non-testifying experts and their assistants engaged to assist

such counsel in the prosecution or defense of these Actions; vendors working at the direction of counsel; and any mediator engaged by the parties to these Actions. All recipients of Confidential Information shall be bound by this Order. Before receiving or reviewing Confidential Information, testifying and non-testifying experts and their assistants, and individuals who are associated with a vendor working at the direction of counsel and who have access to Confidential Information, must complete the certification attached to this Order. Counsel associated with the experts and vendors shall retain the completed certifications for at least three years after the conclusion of these Actions and any associated appeals.

3. A recipient of Confidential Information produced in these Actions may use Confidential Information only for purposes of these Actions and shall not disclose Confidential Information except as authorized in this Order.

4. A party may dispute the Defendant Secretary's designation of any documents or information as "Confidential," or any redaction thereof, pursuant to this Order by first providing notice of the dispute to the Secretary Defendant. If the challenging party and the Secretary are unable to resolve the dispute by agreement within two business days, the challenging party may file a Motion for De-Designation with the Court. Such motions may be decided

on an expedited basis if such expedited basis is deemed appropriate by the Court.

5. To the extent it is necessary to attach a document marked as containing Confidential Information under this Order to any paper filed in these Actions, Plaintiffs shall first notify the Secretary. The Secretary will then promptly review the document and advise as to specific Confidential Information therein. Thereafter, such document shall either be filed under seal or have all Confidential Information redacted in accordance with the procedures for sealing of documents and for redactions set forth under the Court's Local Rules.

6. Within 60 days after conclusion of these Actions (and any associated appeals), all Confidential Information shall be either destroyed or returned to the Secretary. Counsel shall be responsible to ensure that all testifying and non-testifying experts and assistants who received Confidential Information comply with this paragraph 6.

7. Nothing in this Order shall impose any restriction on the use or disclosure by a party or its agent of information that lawfully came into the possession of the party independent of any disclosure of discovery material made in these Actions.

8. Nothing in this Order shall bar or otherwise restrict counsel from rendering advice to his or her client with respect to this matter or from generally referring to or relying upon Confidential Information in rendering such advice so long as counsel does not disclose any Confidential Information.

**SO ORDERED on July 22, 2021.**

<u>s/Mark E. Walker</u>
**Chief United States District Judge**

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**LEAGUE OF WOMEN VOTERS OF FLORIDA, INC., et al.,**

    *Plaintiffs*,

v.                                                                Case No.:  4:21cv186-MW/MAF
                                                                              4:21cv187-MW/MAF

**LAUREL M. LEE, in her official**               4:21cv201-MW/MJF
**capacity as Florida Secretary of**             4:21cv242-MW/MAF
**State, et al.,**

    *Defendants*,

**and**

**NATIONAL REPUBLICAN SENATORIAL COMMITTEE and REPUBLICAN NATIONAL COMMITTEE,**

    *Intervenor-Defendants.*

_____/

## **PROTECTIVE-ORDER CERTIFICATION**

I have read and understand the Protective Order entered in the above-named litigation and attached to this Certification. I agree to abide by its terms. I will use Confidential Information only for purposes of this litigation and will not disclose Confidential Information except as authorized in the Protective Order.

2

Signature: _____    Address: _____

Name: _____              _____

Title: _____              _____