AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
_____ District of _____

| | )|  |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| | ) | |
| *Defendant* | ) | |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To:

*(Name of person to whom this subpoena is directed)*

❒ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters: SEE TOPICS IN AMENDED ATTACHMENT

| Place: | Date and Time: |
|---|---|
| | |

The deposition will be recorded by this method: _____

❒ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____      _____
*Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | |
|---|---|
| LEAGUE OF WOMEN VOTERS OF FLORIDA, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>LAUREL M. LEE, in her official capacity as Florida Secretary of State, et al.,<br><br>Defendants,<br><br>and<br><br>REPUBLICAN NATIONAL COMMITTEE, and NATIONAL REPUBLICAN SENATORIAL COMMITTEE,<br><br>Intervenor-Defendants. | Case Nos.: 4:21-cv-186-MW/MAF<br>4:21-cv-187-MW/MAF<br>4:21-cv-201-MW/MAF<br>4:21-cv-242-MW/MAF |

## AMENDED ATTACHMENT TO SUBPOENA TO THE EXECUTIVE OFFICE OF THE GOVERNOR

Pursuant to Fed. R. Civ. P. 30(b)(6), Plaintiffs in Case No. 4:21-cv-201 (the "Florida Rising Plaintiffs") provide the following description of the matters for examination at the deposition of the Executive Office of Governor.

## DEFINITIONS

A.  "Challenged Provisions" means the provisions of SB 90 identified in paragraph 16 of the Florida Rising Plaintiffs' First Amended Complaint, including

the drop box rules in SB 90 Section 28, the rules for Third-Party Voter Registration Organizations in SB 90 Section 7, the rules for vote-by-mail applications in SB 90 Section 24, and the rules relating to "solicitation" of voters in SB 90 Section 29; the provisions of SB 90 identified as "Challenged Provisions" in the League of Women Voters Plaintiffs' and the Florida State Conference of the NAACP Plaintiffs' operative complaints; and the provisions of SB 90 relating to Third-Party Voter Registration Organizations and vote-by-mail challenged in the Harriet Tubman Plaintiffs' operative complaint.

  B. "Governor" means Governor Ron DeSantis.

  C. "Executive Office of the Governor" means the Executive Office of Governor Ron DeSantis and includes the Governor, employees, staff, contractors, consultants, advisors, agents, representatives, or anyone acting on their behalf.

  D. "Drop box" means a secured box provided by Supervisors of Elections offices where voters can physically return a vote-by-mail ballot in a sealed envelope.

  E. "Senate Bill 90" refers to any and all provisions of Senate Bill 90 (2021), Florida's omnibus election legislation, signed into law by Governor DeSantis on May 6, 2021, and any prior versions of that bill, including but not limited to HB 7041 and any prior versions of that bill.

  F. "Third-Party Voter Registration Organization" means any person, entity, or organization that collects any voter registration application, but does not

include: a person who seeks only to register to vote or collect a voter registration application from that person's spouse, child, or parent, or a person engaged in registering to vote or collecting voter registration applications as an employee or agent of the Division of Elections, supervisor of elections, Department of Highway Safety and Motor Vehicles, or an official voter registration agency.

## **TOPICS**

1. Each State interest, if any, that the Executive Office of the Governor believes or contends each of the Challenged Provisions serves, promotes, or advances, and all facts and evidence supporting a connection between the Challenged Provisions and the State interest(s).

2. The Executive Office of the Governor's statements and opinions concerning the conduct of the 2020 general elections in Florida.

3. The success or failure of the 2020 general election in Florida, and the Executive Office of the Governor's understanding of what contributed to that success or failure.

4. The Executive Office of the Governor's statements and opinions concerning Senate Bill 90, including any of its individual provisions; concerning actual or potential changes to Florida's election laws and policies since November 2020; or concerning the need for any such changes.

3

5. The role of the Executive Office of the Governor in drafting, discussing, negotiating and enacting Senate Bill 90.

6. All communications regarding Senate Bill 90 between the Executive Office of the Governor and the following individuals and entities: members of the Florida Legislature, the Florida Attorney General's Office, the Florida Department of State, any Florida Supervisor of Elections, the Florida Supervisors of Elections ("FSE"), Defendant-Intervenors, the National Republican Congressional Committee, any Republican State or local officials, the Heritage Foundation, Heritage Action for America, and any of their employees, staff, contractors, consultants, advisors, agents, representatives, lobbyists, or anyone acting on their behalf.

7. Any analysis that the Executive Office of the Governor has conducted relating to or concerning the anticipated or actual effects of any of the Challenged Provisions on voting in Florida and any communications involving the Executive Office of the Governor regarding the anticipated or actual effects of any of the Challenged Provisions on voting in Florida.

8. Any analysis that the Executive Office of the Governor has conducted relating to or concerning the anticipated or actual costs of implementing any of the Challenged Provisions.

9. Any analysis that the Executive Office of the Governor has conducted relating to or concerning the need for or purpose of any of the Challenged Provisions.

10. The Executive Office of the Governor's collection and production of documents in response to the subpoena from League of Women Voters *et al.* in No. 21-cv-186, including but not limited to the sources of documents that were collected, the means by which such documents were searched and reviewed, and any sources of potentially responsive documents that were not collected, searched, and reviewed.

11. Communications with the State Board of Education, the Board of Governors of the State University System of Florida, the State University System of Florida, or any public university in Florida, including any board members, trustees, employees, staff, contractors, consultants, advisors, counsel, agents, representatives, or anyone acting on their behalf, concerning SB 90, litigation involving SB 90, or experts witnesses involved in litigation involving SB 90.