# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

| | |
|---|---|
| FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, COMMON CAUSE, and DISABILITY RIGHTS FLORIDA, et al., <br><br>      Plaintiffs, <br><br> v. <br><br> LAUREL M. LEE, <br><br>      in her official capacity as Florida Secretary of State, et al., <br><br>      Defendants, <br><br> REPUBLICAN NATIONAL COMMITTEE and NATIONAL REPUBLICAN SENATORIAL COMMITTEE, <br><br>      Intervenor-Defendants. | Case 4:21-cv-00187-MW-MAF <br>          4:21-cv-00201 |

# PLAINTIFFS' MOTION FOR LEAVE TO DEPOSE NON-PARTIES AFTER CLOSE OF FACT DISCOVERY

Plaintiffs in *Florida State Conference of Branches and Youth Units of the NAACP, et al. v. Lee, et al.*, No. 4:21-cv-187 (N.D. Fla) (*NAACP* Plaintiffs), and *Florida Rising Together, et al. v. Lee, et al.*, No. 4:21-cv-201 (N.D. Fla.) (*Florida Rising* Plaintiffs) (together, Plaintiffs), respectfully seek leave to extend the discovery period to two weeks following the final ruling on each Motion to Quash so that Plaintiffs can take the fact depositions of seven members of the Florida legislature, and the *Florida Rising* Plaintiffs can take the 30(b)(6) deposition of the Executive Office of the Governor, should this Court deny the pending motions.

## STATEMENT OF FACTS

1. On July 23, 2021, this Court entered a Scheduling Order setting October 22, 2021, as the deadline for completion of fact discovery by all parties. Scheduling Order, *NAACP* ECF No. 165; *Florida Rising* ECF No. 101.

2. On September 29, 2021, the *NAACP* Plaintiffs served subpoenas for documents and deposition testimony to the following members of the Florida legislature: Senators Dennis Baxley and Jim Boyd. *See* Exhibits F, G, M, N to the Motion to Quash, *NAACP* ECF No. 257; *Florida Rising* ECF No. 217.

2

3. On September 29, 2021, the *Florida Rising* Plaintiffs served subpoenas for documents and deposition testimony on the following members of the Florida legislature: Senators Jeff Brandes, Joe Gruters and Kathleen Passidomo, and Representatives Blaise Ingoglia and Erin Grall. *See* Exhibits A–E, H–L of the Motion to Quash, *NAACP* ECF No. 257; *Florida Rising* ECF No. 217.

4. The deadline for document production was set for October 13, 2021. *See* Exhibits H–N of the Motion to Quash, *NAACP* ECF No. 257; *Florida Rising* ECF No. 217.

5. The deposition subpoenas noticed various dates before the close of discovery, with the first deposition notice date set as October 18, 2021. *See* Exhibit C to the Motion to Quash, *NAACP* ECF No. 257-3; *Florida Rising* ECF No. 217-3.

6. On October 8, 2021, counsel for the legislators and counsel for the Plaintiffs conferred about the subpoenas. Counsel for the legislators confirmed that while the legislators would produce documents that were responsive to the subpoenas, they would not sit for depositions unless ordered to do so by a court.

7. In the meantime, on October 6, 2021, the *Florida Rising* Plaintiffs served a subpoena for a Rule 30(b)(6) deposition on the Executive

Office of the Governor, and updated that subpoena on October 14. See Exhibits 1 and 2 to the Executive Office of the Governor's Motion to Quash, *Florida Rising* ECF No. 220. The deposition subpoena noticed a date of October 20, 2021.

8. On October 14, 2021, the *Florida Rising* Plaintiffs met and conferred with counsel for the Executive Office of the Governor, who are also counsel for a party, the Secretary of State, in this case. Counsel for the Executive Office of the Governor indicated that they would move to quash the subpoena and asked that the *Florida Rising* Plaintiffs give them until October 21 to do so.

9. On October 20, 2021, two days before the close of discovery, the legislators moved to quash the subpoenas for deposition testimony. *NAACP* ECF No. 257; *Florida Rising* ECF No. 217. On October 21, 2021, one day before the close of discovery, the Executive Office of the Governor moved to quash the deposition subpoena. *Florida Rising* ECF No. 220.

10. On October 21, 2021, the Court ordered Plaintiffs to file an expedited response to the legislators' Motion to Quash on or before October 28, 2021. *NAACP* ECF No. 259; *Florida Rising* ECF No. 219. On October 22, 2021, the Court ordered Plaintiffs to file an

expedited response to the Executive Office of the Governor's Motion to Quash on or before October 29, 2021. *Florida Rising* ECF No. 221.

11. On October 21, 2021, counsel for Plaintiffs emailed all counsel of record regarding Plaintiffs' intention to seek the Court's leave to take the legislators' depositions and the 30(b)(6) deposition of the Executive Office of the Governor after the close of fact discovery should the Court deny the motions to quash. Exhibit A. Counsel for the Secretary of State indicated that they oppose any motion to extend the discovery deadline in this case. Exhibit B. All remaining counsel of record have either taken no position with respect to the request,[1] do not oppose the request,[2] or have not responded to Plaintiffs' email.

Plaintiffs thus request leave from this Court to extend the discovery period so that Plaintiffs can take the fact depositions of seven members of

---

[1] The Supervisors of Elections of the following counties take no position on Plaintiffs' request: Leon, Baker, Bay, Bradford, Calhoun, Columbia, Dixie, Franklin, Gadsden, Glades, Hamilton, Jackson, Lafayette, Liberty, Nassau, Putnam, St. Johns, Santa Rosa, Sumter, Suwannee, Taylor, Union, Washington, Wakulla, and Walton, Palm Beach, Collier, Indian River, Lake, Lee, Manatee, Marion, Monroe, Pasco, Seminole, Clay, Martin, Osceola, Polk, St. Lucie.

[2] The Supervisors of Elections of the following counties do not oppose Plaintiffs' request: Citrus, Orange, Hernando.

5

the Florida legislature, and the *Florida Rising* Plaintiffs can take the 30(b)(6) deposition of the Executive Office of the Governor, after the close of fact discovery should this Court deny the respective motions to quash the subpoenas.

### MEMORANDUM IN SUPPORT OF PLAINTIFFS' OPPOSED MOTION FOR LEAVE TO DEPOSE NON-PARTIES AFTER CLOSE OF FACT DISCOVERY

Plaintiffs seek leave to take the depositions of seven members of the Florida legislature after the close of fact discovery on October 22, 2021, if the Court denies their Motion to Quash Plaintiffs' deposition subpoenas. The *Florida Rising* Plaintiffs further seek leave to take the 30(b)(6) deposition of a designee of the Executive Office of the Governor should the Court deny their Motion to Quash.

Courts may, for good cause, grant parties an extension of time to complete discovery. *See* Fed. R. Civ. P. 6(b); *see also see also NAACP* ECF No. 165 at 1 n.1; *Florida Rising* ECF No. 101 at 1 n.1 (this Court will consider requests for deadline extensions for "compelling good cause"). Here, compelling good cause exists for a narrow, circumscribed discovery extension of two weeks following the ruling on each Motion to Quash in order to depose previously subpoenaed members of the Florida Legislature and the

6

Executive Office of the Governor, should this Court deny the pending motions.

Throughout discovery, Plaintiffs have timely and diligently sought relevant information from both parties and non-parties. That includes the discovery sought from the legislators and the Governor's Office. Plaintiffs timely subpoenaed deposition testimony before the close of discovery, and all deadlines for compliance, including all noticed deposition dates, were set for before the end of the discovery period. Plaintiffs were prepared to discuss mutually agreed-upon deposition dates with all parties to accommodate their schedules and to meet the close of discovery deadline.

However, rather than complying with the subpoenas, both the legislator-deponents and the Governor's Office moved to quash the depositions mere days before the close of fact discovery. It is this late-arising discovery dispute that compels the need for a conditional extension of the discovery period to accommodate these depositions if the legislators' and Governor's motions to quash are unsuccessful in any part.

The Secretary of State has opposed any extension of the discovery period, even for this limited purpose, because they "believe the case should proceed as expeditiously as possible." Exhibit B. Plaintiffs also believe the case should proceed as expeditiously as possible. However, a late-arising

7

discovery dispute should not prevent Plaintiffs from obtaining limited, relevant deposition testimony that Plaintiffs timely sought, should this Court hold that the subpoena targets are not entitled the relief they seek.

Moreover, as a courtesy and to avoid unnecessary motions practice, Plaintiffs agreed to give the legislators and the Executive Office of the Governor the extended period of time they requested to brief and file their motions to quash, and further agreed not to seek to enforce the subpoenas during the period before the Court rules. Counsel for the Executive Office of the Governor at Holtzman Vogel, who also represent the Secretary of State, took a week to seek to meet and confer on Plaintiffs' deposition subpoena, and then requested another week to file their Motion to Quash, effectively eliminating any possibility that the deposition would go forward prior to the close of discovery. In other words, the Secretary of State is now opposing the extension that their own counsel's requested briefing schedule made necessary. It would not be fair or equitable to deny Plaintiffs' motion under these circumstances.

Plaintiffs thus ask the Court for leave to extend the discovery period to two weeks following the ruling on each Motion to Quash so that Plaintiffs can take the fact depositions of seven members of the Florida legislature, and the

8

*Florida Rising* Plaintiffs can take the 30(b)(6) deposition of the Executive Office of the Governor, should this Court deny the pending motions to quash.

Dated: October 22, 2021

*/s/ Elizabeth T. Fouhey*
P. Benjamin Duke (*pro hac vice*)
Shira M. Poliak (*pro hac vice*)
Covington & Burling LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
212-841-1270
pbduke@cov.com

Robert D. Fram (*pro hac vice*)
Covington & Burling LLP
415 Mission Street
San Francisco, CA 94105
415-591-7025
rfram@cov.com

Benjamin L. Cavataro (Fla. Bar No. 113534)
Jad H. Khazem (Fla. Bar No. 124408)
Morgan E. Saunders (*pro hac vice*)
Virginia A. Williamson (*pro hac vice*)
Elizabeth T. Fouhey (*pro hac vice*)
Michael A. Fletcher, II (*pro hac vice*)
Covington & Burling LLP
850 Tenth Street, N.W.
Washington, DC 20001
202-662-5693
bcavataro@cov.com
msaunders@cov.com
efouhey@cov.com
mfletcher@cov.com

Respectfully submitted,

Michael Pernick (*pro hac vice*)
Morenike Fajana (*pro hac vice*)
NAACP Legal Defense & Educational Fund, Inc.
40 Rector Street, 5th Floor
New York, NY 10006
212-965-2200
mfajana@naacpldf.org

Amia Trigg (*pro hac vice*)
Mahogane D. Reed (*pro hac vice*)
NAACP Legal Defense & Educational Fund, Inc.
700 14th Street NW, Ste. 600,
Washington, DC 20005
202-682-1300
atrigg@naacpldf.org

Nellie L. King (Fla. Bar No. 0099562)
The Law Offices of Nellie L. King, P.A.
319 Clematis Street, Suite 107
West Palm Beach, FL 33401
561-833-1084
Nellie@CriminalDefenseFla.com

*Counsel for Plaintiffs NAACP of Florida, Common Cause, and Disability Rights Florida*

| | |
|---|---|
| JOHN A. FREEDMAN*<br>JEREMY C. KARPATKIN<br>ELISABETH S. THEODORE*<br>JANINE M. LOPEZ*<br>LESLIE C. BAILEY*<br>SAM I. FERENC*<br>Arnold & Porter Kaye Scholer LLP<br>601 Massachusetts Ave., NW<br>Washington, D.C. 20001-3743<br>202-942-5000<br>John.Freedman@arnoldporter.com<br>Jeremy.Karpatkin@arnoldporter.com<br>Elisabeth.Theodore@arnoldporter.com<br>Janine.Lopez@arnoldporter.com<br>Leslie.Bailey@arnoldporter.com<br>Sam.Ferenc@arnoldporter.com<br><br>JEFFREY A. MILLER*<br>Arnold & Porter Kaye Scholer LLP<br>3000 El Camino Road<br>Five Palo Alto Square, Suite 500<br>Palo Alto, CA 94306-3807<br>(650) 319-4500<br>Jeffrey.Miller@arnoldporter.com<br><br>AARON STIEFEL*<br>DANIEL R. BERNSTEIN*<br>RYAN D. BUDHU*<br>ANDREW R. HIRSCHEL*<br>Arnold & Porter Kaye Scholer LLP<br>250 West 55th Street<br>New York, NY 10019-9710<br>(212) 836-8000<br>Aaron.Stiefel@arnoldporter.com<br>Daniel.Bernstein@arnoldporter.com<br>Ryan.Budhu@arnoldporter.com<br>Andrew.Hirchsel@arnoldporter.com<br>*Attorneys for Florida Rising Plaintiffs*<br>*Admitted pro hac vice | s/     *Kira Romero-Craft*<br>KIRA ROMERO-CRAFT<br>Florida Bar No. 49927<br>MIRANDA GALINDO*<br>LatinoJustice, PRLDEF<br>523 W Colonial Dr.<br>Orlando, FL 32804<br>(321) 418-6354<br>Kromero@latinojustice.org<br>Mgalindo@latinojustice.org<br><br>BRENDA WRIGHT*<br>DEMOS<br>80 Broad St, 4th Flr<br>New York, NY 10004<br>(212) 633-1405<br>bwright@demos.org<br><br>JUDITH BROWNE DIANIS**<br>GILDA R. DANIELS<br>JORGE VASQUEZ**<br>SABRINA KHAN**<br>ESPERANZA SEGARRA<br>Florida Bar No. 527211<br>SHARION SCOTT**<br>ADVANCEMENT PROJECT<br>1220 L Street, N.W., Suite 850<br>Washington, DC 20005<br>(202) 728-9557<br>Jbrowne@advancementproject.org<br>Gdaniels@advancementproject.org<br>Jvasquez@advancementproject.org<br>Skhan@advancementproject.org<br>Esegarra@advancementproject.org<br>Sscott@advancementproject.org<br><br>***Application for admission pro hac vice forthcoming* |

11

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(B)

Pursuant to Northern District of Florida Local Rule 7.1(B), counsel for Plaintiffs and Defendants conferred via email regarding this motion. Only counsel for the Secretary of State has indicated that they will oppose any motion to extend the discovery deadline in this case. All remaining counsel of record have either taken no position with respect to the request, do not oppose Plaintiffs' request, or have not responded to Plaintiffs' email.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served to all counsel of record through the Court's CM/ECF system on October 22, 2021. All non-parties were served by email.

*/s/ Elizabeth T. Fouhey*
*Counsel for NAACP Plaintiffs*
*/s/ Kira Romero-Craft*
*Counsel for Florida Rising Plaintiffs*