Exhibit C

| | |
|---|---|
| **From:** | Blaise For Florida <info@blaiseforflorida.com> |
| **Sent:** | Tuesday, July 13, 2021 4:13 PM |
| **To:** | Maida, Michael |
| **Subject:** | Fwd: Stealing ideas from Senator Thurston Amendment to SB 90 |

---

**EXTERNAL EMAIL:** This email originated from outside of the Legislature. USE CAUTION when clicking links or opening attachments unless you recognize the sender and know the content is safe.

---

---------- Forwarded message ---------
From: **Benjamin J. Gibson** <BGibson@shutts.com>
Date: Mon, Apr 5, 2021 at 10:22 AM
Subject: Stealing ideas from Senator Thurston Amendment to SB 90
To: Blaise For Florida <info@blaiseforflorida.com>


Senator Thurston has filed a large strike-all to the amendment to SB 90 to be heard tomorrow. There were a couple of provisions in his strike-all amendment that seem good:

1.  (Lines 1018-1021)

(Amendment to section 102.031)

(6) Bullhorns or other devices used to amplify sound are prohibited in close proximity to:

> (a) A polling place during voting hours.

> (b) An office of the supervisor during a recount.

- This would prohibit the large concerts that often are done nearby early voting sites and can deter people from wanting to vote because they attract large crowds of non-voters and can create a chaotic scene. Note that this also could be argued to create a potential First Amendment issue too.

You could modify the above as follows:

(6) Bullhorns or other devices used to amplify sound are prohibited in close proximity to:

> (a) A polling place, early voting location, or secure drop box during voting hours.

> (b) An office of the supervisor during a recount.

---

2.  (Lines 1056-1065), Section 27 creating section 102.181

102.181 Action against supervisor of elections.—

1

(1) Any elector qualified to vote in or any candidate for office in an election may file an action against the supervisor of elections administering such election for noncompliance with any provision of this code.

(2) Any elector or candidate who files such an action is entitled to an immediate hearing.

(3) In any such action, any filing fees or costs shall be waived and attorney fees shall be awarded to the prevailing party or parties.

- This helps with enforcement of the Election Code, which is the biggest complaint out there that supervisors ignore provisions and there is little remedy at times. However, I would modify this to also allow a political party, or political committee to bring suit, and I would get rid of the attorney's fees and waiver of fines provisions because that will encourage frivolous suits.

You could modify the above as follows:

102.181 Action against supervisor of elections.—

(1) Any elector qualified to vote in or any candidate for office in an election, political party with a candidate on the ballot, or political committee sponsoring a measure on the ballot may file an action against the supervisor of elections administering such election for noncompliance with Sany provision of this code.

(2) Any elector or candidate who files such an action is entitled to an immediate hearing.

(3) In any such action, any filing fees or costs shall be waived and attorney fees shall be awarded to the prevailing party or parties.


--

Political Advertisement Paid For And Approved By Blaise Ingoglia, Republican, For State Representative District 35

| | |
|---|---|
| **From:** | Blaise For Florida <info@blaiseforflorida.com> |
| **Sent:** | Tuesday, July 13, 2021 4:14 PM |
| **To:** | Maida, Michael |
| **Subject:** | Fwd: Updated: Draft Edits to HB 7041 Strike All |
| **Attachments:** | Edits to HB 7041 Strike All (3).DOCX |

**EXTERNAL EMAIL:** This email originated from outside of the Legislature. USE CAUTION when clicking links or opening attachments unless you recognize the sender and know the content is safe.

---------- Forwarded message ---------
From: **Benjamin J. Gibson** <BGibson@shutts.com>
Date: Sun, Apr 11, 2021 at 3:49 PM
Subject: Updated: Draft Edits to HB 7041 Strike All
To: Blaise Campaign <info@blaiseforflorida.com>

--

Political Advertisement Paid For And Approved By Blaise Ingoglia, Republican, For State Representative District 35

Amendment No.

17  nullifies, suspends, or is in conflict with any provision of the

18  Florida Election Code, unless:

19      (a)  At the time settlement negotiations have begun in

20  earnest, written notification is given to the President of

21  the  Senate, the Speaker of the House of Representatives, and

22  the  Attorney General.

23      (b)  Any proposed settlement, consent decree, or order that

24  is proposed or received and would nullify, suspend, or conflict

25  with any provision of the Florida Election Code is promptly

26  reported in writing to the President of the Senate, the Speaker

27  of the House of Representatives, and the Attorney General.

28      (c)  At least 10 days before the date a settlement or

29  presettlement agreement or order is to be made final, written

30  notification is given to the President of the Senate, the

31  Speaker of the House of Representatives, and the Attorney

32  General.

33      (2) If any notification required by this section is

34  precluded by federal law, federal regulation, court order, or

35  court rule, the officer, agent, official, or attorney

36  representing such agency or officer, or the Attorney General,

37  shall challenge the constitutionality in the civil suit

38  affected and give prompt notice thereof to the President of the

39  Senate,  the Speaker of the House of Representatives, and the

40  Attorney General.

1

COMMITTEE/SUBCOMMITTEE AMENDMENT

Bill No. HB 7041 (2021)

Amendment No.

291 | elections shall issue the new voter information card.

292 |     Section 7. Section 97.106, Florida Statutes, is created to

293 | read:

294 |     97.106 Prohibition on use of private funds for election

295 | related expenses.—No agency or state or local official

296 | responsible for conducting elections, including, but not

297 | limited to, a supervisor of elections, may solicit, accept,

298 | use, or dispose of any donation in the form of money, grants,

299 | property,  or personal services from an individual or a

300 | nongovernmental  entity for the purpose of funding election-

301 | related expenses or voter education, outreach, or registration

302 | programs. This section shall not be construed to prohibit the

303 | donation and acceptance of space to be used for a polling room

304 | or early voting location.

305

306

307

308

309

310

311

312

313

314

315

2

COMMITTEE/SUBCOMMITTEE AMENDMENT Bill No. HB 7041 (2021)
Amendment No.

416  In addition to the notification required under subparagraph 1.,
417  subparagraph 2., or subparagraph 3., the supervisor must notify
418  the elector of the signature deficiency by first-class mail and
419  direct the elector to the cure affidavit and instructions on
420  the supervisor's website. Beginning the day before the
421  election, the supervisor is not required to provide notice of
422  the signature deficiency by first-class mail, but shall
423  continue to provide notice as required in subparagraph 1.,
424  subparagraph 2., or subparagraph 3. In addition, a supervisor
425  must notify the registered political party, if any, of an
426  elector who has a signature deficiency. The state or county
427  executive committee of a political party political parties must
428  provide the supervisor of each county one e-mail address that
429  the supervisor may use to notify the political party of the
430  signature deficiency. The supervisor must immediately promptly
431  contact the political party after contacting the elector.
432      Section 13. Subsection (2) of section 101.051,
433  Florida Statutes, is amended to read:
434      101.051 Electors seeking assistance in casting
435  ballots; oath to be executed; forms to be furnished.—
436      (2) It is unlawful for any person to be in the voting
437  booth with any elector except as provided in subsection (1).
438  A person at a polling place, drop box site, or early voting
439  site, or within 150 100 feet of the entrance of a polling
440  place, drop box site, or early voting site, may not solicit
     any elector in an effort to provide assistance to vote
     pursuant to subsection

3

**STRIKE ALL LINES 463-504**

Section 16. Paragraph (a) of subsection (4) of section 101.5614, Florida Statutes, is amended to read:

101.5614  Canvass of returns.—

(4)(a)  If any vote-by-mail ballot is physically damaged so that it cannot properly be counted by the voting system's automatic tabulating equipment, a true duplicate copy shall be made of the damaged ballot in a room open and accessible ~~room~~ to the public in the presence of witnesses and substituted for the original damaged ballot. Likewise, a duplicate ballot must ~~shall~~ be made of a vote-by-mail ballot containing an overvoted race or ballot measure or a marked vote-by-mail ballot containing an undervoted race or ballot measure, if there is a clear indication on the original ballot that the voter has made a definite choice in the overvoted or undervoted race or ballot measure. A duplicate ballot ~~in which every race is undervoted which~~ must~~shall~~ include all valid votes as determined by the canvassing board based on rules adopted by the division pursuant to s. 102.166(4). A duplicate ballot may not include a vote for an overvoted or undervoted race or ballot measure if there is not a clear indication on the ballot that the voter has made a definite choice.~~the voter's intent in such race or on such measure is not clear.~~ Upon request, a physically present candidate, a political party official, a political committee official, or an authorized designee thereof, must be allowed to observe the duplication of ballots. Each candidate, political party, or political committee is entitled to have one authorized designee observe per ballot duplicating station. The observer must be allowed to stand in close enough proximity to the process in such a way that they are able to see the markings on each ballot and the duplication taking place. All duplicate ballots must ~~shall~~ be clearly labeled "duplicate," bear a serial

4

number which shall be recorded on the defective ballot, and be counted in lieu of the defective ballot. The duplication process must happen in the physical presence of at least one canvassing board member. If the canvassing board has employed clerical help from the supervisor's office, ballot duplication must be performed by at least two members of the supervisor's staff working in tandem at each ballot duplicating station and in the physical presence of at least one canvassing board member. If the supervisor's staff are unable to determine whether the ballot contains a clear indication that the voter has made a definite choice based on the rules adopted by the division pursuant to s. 102.166(4), the ballot shall be presented to the canvassing board for a determination. After a ballot has been duplicated, the defective ballot shall be placed in an envelope provided for that purpose, and the duplicate ballot shall be tallied with the other ballots for that precinct. Upon request, a physically present candidate, a political party official, a political committee official, or an authorized designee thereof, must be allowed to inspect adjacent images of each original and duplicate ballot within a reasonable time prior to tabulation. Upon objection by a candidate, political party official, political committee official, or an authorized designee thereof to a duplicate of a ballot based on the rules adopted by the division pursuant to s. 102.166(4), the duplicate ballot must be presented to the canvassing board and must be compared with the original ballot for a determination of the validity correctness of that the duplicate correctly reflects the voter's definite choice on the original ballot based on the rules adopted by the division pursuant to s. 102.166(4). The canvassing board must document the serial number of the ballot in the canvassing board's minutes. The canvassing board must decide whether the duplicate ballot duplication is correct valid. If the duplicate

ballot is determined to be correct ~~valid~~, the duplicate ballot shall be tallied with the other ballots for that precinct. If the duplicate ballot is determined to be incorrect~~invalid~~, the duplicate ballot must be rejected and marked "canceled" by the canvassing board and placed with the other canceled ballots. A correct ~~proper~~ duplicate ballot must be made by the canvassing board and tallied with the other ballots for that precinct in lieu of the original defective ballot. The canvassing board must document the nature of the objection made, the canvassing board's decision, and the serial number of the defective and duplicate ballots in the canvassing board's meeting minutes.

(b)   A true duplicate copy shall be made of each federal write-in absentee ballot in the presence of witnesses and substituted for the federal write-in absentee ballot utilizing the same procedures for duplication of ballots made under paragraph (a). The duplicate ballot must include all valid votes as determined by the canvassing board based on rules adopted by the division pursuant to s. 102.166(4). All duplicate ballots shall be clearly labeled "duplicate," bear a serial number that shall be recorded on the federal write-in absentee ballot, and be counted in lieu of the federal write-in absentee ballot. After a ballot has been duplicated, the federal write-in absentee ballot shall be placed in an envelope provided for that purpose, and the duplicate ballot shall be tallied with other ballots for that precinct.

6

**STRIKE ALL LINES 708-842**

 Section 21.  Subsections (1) and (2) and paragraphs (a) of subsection (4) of section 101.68, Florida Statutes, are amended to read:

 101.68  Canvassing of vote-by-mail ballot.—

 (1)(a) The supervisor of the county in which where the absent elector resides shall receive the voted vote-by-mail ballot, at which time the supervisor shall compare the signature of the elector on the voter's certificate with the signature of the elector in the registration books or the precinct register, in accordance with s. 101.046, to determine whether the elector is duly registered in the county and must may record on the elector's registration record certificate that the elector has voted. During the signature verification process, the verifier may not have any knowledge of the party political affiliation, or lack thereof, of the voter whose signature is subject to verification. An elector who dies after casting a vote-by-mail ballot but on or before election day shall remain listed in the registration books until the results have been certified for the election in which the ballot was cast. The supervisor shall safely keep the vote-by-mail ballot in the mailing envelope unopened in his or her office until the county canvassing board canvasses the vote and authorizes the mailing envelope to be opened and the ballot to be removed from the secrecy envelope and tabulated. The canvassing board may not vote to authorize the mailing envelope to be opened and the ballot tabulated before the vote-by-mail ballot has been received by the supervisor. Except as provided in subsection (4), after a vote-by-mail ballot is received by the supervisor, the ballot is deemed to have been cast, and changes or additions may not be made to the voter's certificate.

 (b) Prior to the canvassing board's vote to canvass the

7

ballot and authorize the opening of the mailing envelope and tabulation of the ballot, a physically present candidate, political party official, political committee official, or authorized designee thereof must have reasonable access, upon request, to compare the signature of the elector on the voter's certificate or on the vote-by-mail ballot cure affidavit as provided in subsection (4) with the signature of the elector in the registration books or the precinct register. Before the 5 days preceding election day, such access must be available for at least 48 hours before the canvassing board votes to authorize the opening of the corresponding mailing envelope and separating it from the secrecy envelope containing the ballot.  During the 5 days preceding election day, such access must be available for at least 24 hours before the canvassing board votes to authorize the opening of the corresponding mailing envelope and separating it from the secrecy envelope containing the ballot.  Beginning election day, such access must be available for at least 2 hours before the canvassing board votes to authorize the opening of the corresponding mailing envelope and separating it from the secrecy envelope.  The Department of State shall adopt detailed rules no later than August 1, 2021, prescribing the reasonable access a supervisor of elections must provide for signature-match review. The rules shall address, at a minimum, the following duties of the supervisor of elections:

  1. Public notice of time and place for signature-match review;

  2. Segregating signature matches and mismatches for review;

  3. Providing access in a secure manner to digital images side-by-side of the signature on the voter's certificate or cure affidavit and the voter's signature in the precinct register or registration books for review;

  4. Process for objecting to a signature match or mismatch

and filing a protest with the canvassing board to review; and

5. Maintaining the security of signatures and prohibiting their invalid use or access.

(2)(a)   The county canvassing board may begin the canvassing of vote-by-mail ballots upon the completion of the public testing of automatic tabulating equipment pursuant to s. 101.5612(2) ~~at 7 a.m. on the 22nd day before the election~~, but must begin such canvassing by ~~not later than~~ noon on the day following the election. ~~In addition, for any county using electronic tabulating equipment, the processing of vote-by-mail ballots through such tabulating equipment may begin at 7 a.m. on the 22nd day before the election.~~ However, notwithstanding any such authorization to begin canvassing or otherwise processing vote-by-mail ballots early, no result shall be released until after the closing of the polls in that county on election day. Any supervisor, deputy supervisor, canvassing board member, election board member, or election employee who releases the results of a canvassing or processing of vote-by-mail ballots prior to the closing of the polls in that county on election day commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

(b)   To ensure that all vote-by-mail ballots to be counted by the canvassing board are accounted for, the canvassing board shall compare the number of ballots in its possession with the number of requests for ballots received to be counted according to the supervisor's file or list.

(c)1.   The canvassing board must, if the supervisor has not already done so, compare the signature of the elector on the voter's certificate or on the vote-by-mail ballot cure affidavit as provided in subsection (4) with the signature of the elector in the registration books or the precinct register, in

9

accordance with s. 101.046, to see that the elector is duly registered in the county and to determine the legality of that vote-by-mail ballot. A vote-by-mail ballot may only be counted if:

a.  The signature on the voter's certificate or the cure affidavit matches the elector's signature in the registration books or precinct register; however, in the case of a cure affidavit, the supporting identification listed in subsection (4) must also confirm the identity of the elector; or

b.  The cure affidavit contains a signature that does not match the elector's signature in the registration books or precinct register, but the elector has submitted a current and valid Tier 1 identification pursuant to subsection (4) which confirms the identity of the elector.

For purposes of this subparagraph, any canvassing board finding that an elector's signatures do not match must be by majority vote and beyond a reasonable doubt.

2.  The ballot of an elector who casts a vote-by-mail ballot shall be counted even if the elector dies on or before election day, as long as, before the death of the voter, the ballot was postmarked by the United States Postal Service, date-stamped with a verifiable tracking number by a common carrier, or already in the possession of the supervisor.

3.  A vote-by-mail ballot is not considered illegal if the signature of the elector does not cross the seal of the mailing envelope.

4.  If any elector or candidate present believes that a vote-by-mail ballot is illegal due to a defect apparent on the voter's certificate or the cure affidavit, he or she may, at any time before the ballot is removed from the mailing envelope, file with the canvassing board a protest, on a form prescribed

10

by the division, against the canvass of that ballot, specifying the precinct, the voter's certificate or the cure affidavit the ballot, and the reason he or she believes the ballot to be illegal. A challenge based upon a defect in the voter's certificate or cure affidavit may not be accepted after the ballot has been removed from the mailing envelope.

5.   If the canvassing board determines that a vote-by-mail ballot is illegal, a member of the board must, without opening the envelope, mark across the face of the envelope: "rejected as illegal." The cure affidavit, if applicable, the envelope, and the ballot therein shall be preserved in the manner that official ballots are preserved.

(d)   The canvassing board shall record the ballot upon the proper record, unless the ballot has been previously recorded by the supervisor. The mailing envelopes shall be opened and the secrecy envelopes shall be mixed so as to make it impossible to determine which secrecy envelope came out of which signed mailing envelope; however, in any county in which an electronic or electromechanical voting system is used, the ballots may be sorted by ballot styles and the mailing envelopes may be opened and the secrecy envelopes mixed separately for each ballot style. The votes on vote-by-mail ballots shall be included in the total vote of the county.

(4)(a)   As soon as practicable, the supervisor shall, on behalf of the county canvassing board, attempt to notify an elector who has returned a vote-by-mail ballot that does not include the elector's signature or contains a signature that does not match the elector's signature in the registration books or precinct register by:

1.   Notifying the elector of the signature deficiency by e-mail and directing the elector to the cure affidavit and instructions on the supervisor's website;

2.  Notifying the elector of the signature deficiency by text message and directing the elector to the cure affidavit and instructions on the supervisor's website; or

3.  Notifying the elector of the signature deficiency by telephone and directing the elector to the cure affidavit and instructions on the supervisor's website.

In addition to the notification required under subparagraph 1., subparagraph 2., or subparagraph 3., the supervisor must notify the elector of the signature deficiency by first-class mail and direct the elector to the cure affidavit and instructions on the supervisor's website. Beginning the day before the election, the supervisor is not required to provide notice of the signature deficiency by first-class mail, but shall continue to provide notice as required under subparagraph 1., subparagraph 2., or subparagraph 3. In addition, a supervisor must notify the registered political party, if any, of any elector who has a signature deficiency. The state or county executive committee of a political party political parties must provide the supervisor of each county one email address that the supervisor may use to notify the political party of the signature deficiency. The supervisor must contact the political party immediately promptly after contacting the elector.

12

**STRIKE ALL LINES 843-916**

Section 22. Subsection (2) of section 101.69, Florida Statutes, is amended and subsection (3) is added to that section to read:

101.69 Voting in person; return of vote-by-mail ballot. –

(2)(a) The supervisor shall allow an elector who has received a vote-by-mail ballot to physically return a voted vote-by-mail ballot to the supervisor by placing the return mail envelope containing his or her marked ballot in a secure drop box. Secure drop boxes shall be placed at the main office of the supervisor, at each permanent branch office of the supervisor, and at each early voting site. Secure drop boxes may also be placed at any other site that would otherwise qualify as an early voting site under s. 101.657(1). Except for secure drop boxes at an office of the supervisor, a secure drop box may only be used; provided, however, that any such site must be staffed during the county's early voting hours of operation and must be monitored in person by an employee of the supervisor's office at all times it is accessible to the public or a sworn law enforcement officer. A secure drop box at an office of the supervisor must be continuously monitored in person by an employee of the supervisor's office at all times it is accessible to the public during regular office hours. During other hours, a secure drop box at an office of the supervisor may only be accessible if it is secured from tampering and monitored by video surveillance. When a secure drop box is not accessible to the public, it must be securely locked inside the supervisor's office or the secure drop box location, or if permanently affixed outside the supervisor's office, must be secured from tampering and continuously monitored by video surveillance. The supervisors must keep

13

recordings of video surveillance of such secure drop boxes and provide a copy to any candidate or political party submitting a written request for the recordings within 24 hours after receipt of such request.

(b) A supervisor shall designate ~~each drop box site~~ the address of each secure drop box location and the days and hours it will be accessible to the public in writing to the division and post the information on its website at least 30 days before an election. A secure drop box must be clearly labeled with the hours it is available to the public. Drop boxes must be geographically located in the county so as to provide all voters in the county with an equal opportunity to cast a ballot, insofar as is practicable. After a drop box location and the days and hours it is accessible to the public have been designated, it may not be moved or changed except to conform with this subsection. ~~The supervisor shall provide the address of each drop box location to the division at least 30 days before an election.~~ On each day of early voting, all drop boxes must be emptied at the end of early voting hours and all the ballots retrieved from the drop boxes must be returned to the supervisor's office. The Department of State shall adopt a rule no later than August 1, 2021, prescribing the security mechanisms and ballot accounting procedures required for secure drop boxes. ~~After a drop box location has been designated, it may not be moved or changed. A drop box may not be placed in a location so as to favor or disfavor any one political party or candidate.~~

(c) An elector's designee designated under s. 104.0616 may also return the elector's ballot to a drop box if they have with them the declaration described in s. 104.0616(4).

(d) A person returning a vote-by-mail ballot by use of a secure drop box ~~monitored by an elections employee~~ must present

14

his or her Florida driver license or Florida identification card to the supervisor's employee monitoring the drop box. The employee must ensure that the name on the identification provided matches the printed name on the mailing envelope or the name of the designee on the declaration described in s. 104.0616(4). If an elector returning the elector's own ballot is not in possession of his or her Florida driver license or Florida identification card, the elector must complete a signed attestation stating that the elector did not have a Florida driver license or Florida identification card on their person when returning their own ballot and that they are returning their own ballot. If the name on the license or identification card does not match the name printed on the mailing envelope, the ballot may only be deposited if the person provides a completed declaration described under s. 104.0616(4) to the supervisor's employee which names the person as designee. The declaration or attestation must be affixed to the return mailing envelope and the ballot shall be deposited into the drop box. A copy of the declaration or attestation must be maintained with other election records.

(e) The Division shall may prescribe by rule a form of the attestation described in paragraph (d) which shall include notice that making false attestation is a felony of the third degree under s. 104.032. The Division and the supervisors shall ensure that copies of the attestation described in paragraph (d) (e) and the declaration described in s. 104.0616(4) are available online and at all supervisors' supervisor's offices for the convenience of voters. The supervisors shall ensure that copies of the attestation described in paragraph (d) are available at each drop box location.

(f) An additional poll watcher designated pursuant to s.

15

101.131 is entitled to observe any secure drop box location in close enough proximity to visually and aurally discern activity taking place at the location when it is accessible to the public.

(g) This subsection may not be construed to permit any mobile drop boxes or any type of drop box not stationary in its location and of a similar size and function as an official United States postal service mail box.

(h) Any elector, candidate, political party, or political committee may bring a civil action in circuit court to enforce compliance with the provisions of this subsection. The court, including an appellate court, shall set an immediate hearing, giving the case priority over other pending cases.

(3) If any drop box not located at an office of the supervisor at an early voting site is left accessible for ballot receipt when early voting is not underway, the supervisor is subject to a civil penalty of $25,000.  The Division of Elections is authorized to enforce this provision.

16

**STRIKE ALL LINES 917-947**

Section 23. Paragraphs (a), (b), and (e) of subsection (4) of section 102.031, Florida Statutes, are amended and subsection (6) is created to read:

102.031 Maintenance of good order at polls; authorities; persons allowed in polling rooms and early voting areas; unlawful solicitation of voters.—

(4)(a) No person, political committee, or other group or organization may solicit voters inside the polling place or within 150 feet of a drop box or the entrance to any polling place, a polling room where the polling place is also a polling room, an early voting site, or an office of the supervisor where vote-by-mail ballots are requested and printed on demand for the convenience of electors who appear in person to request them. Before the opening of the polling place or early voting site, the clerk or supervisor shall designate the no-solicitation zone and mark the boundaries.

(b) For the purpose of this subsection, the terms "solicit" or "solicitation" shall include, but not be limited to, seeking or attempting to seek any vote, fact, opinion, or contribution; distributing or attempting to distribute any political or campaign material, leaflet, item, or handout; conducting a poll except as specified in this paragraph; seeking or attempting to seek a signature on any petition; and selling or attempting to sell any item; and engaging in any activity with the intent to influence or the effect of influencing a voter. The terms "solicit" or "solicitation" may not be construed to prohibit exit polling.

(e) The owner, operator, or lessee of the property on which a polling place or an early voting site is located, or

17

an agent or employee thereof, may not prohibit the solicitation of voters <u>by a candidate or a candidate's designee</u> outside of the no-solicitation zone during polling hours.

(6) Bullhorns or other devices used to amplify sound are prohibited on the property of:

(a) A polling place, early voting location, or secure drop box location during voting hours or while accessible to the public.

(b) An office of the supervisor during a recount.

(7) Any elector, candidate, political party, or political committee may bring a civil action in circuit court to enforce compliance with the provisions of this section. The court, including an appellate court, shall set an immediate hearing, giving the case priority over other pending cases.

Amendment No.

941   terms "solicit" or "solicitation" may not be construed to
942   prohibit exit polling.
943       (e) The owner, operator, or lessee of the property on
944   which a polling place or an early voting site is located, or
945   an agent or employee thereof, may not prohibit the
946   solicitation of voters by a candidate or a candidate's
947   designee outside of the no-solicitation zone during polling
948   hours.
949       Section 24. Section 102.07, Florida Statutes, is
950   created to read:
951       102.07 Vote-by-mail count reporting.—Beginning at 7:00
952   p.m. the day before election day, the supervisor must, at
953   least  once every hour while actively counting, post on his or
954   her website the number of vote-by-mail ballots that have been
955   received and the number of vote-by-mail ballots that remain
956   uncounted.
957       Section 25. Subsection (1) and paragraph (b) of
958   subsection (2) of section 102.141, Florida Statutes, are
959   amended to read:
960       102.141 County canvassing board; duties.—
961       (1) The county canvassing board shall be composed of the
962   supervisor of elections; a county court judge, who shall act
963   as chair; and the chair of the board of county commissioners.
964   The  names of the canvassing board members and alternate
965   canvassing board members must be published on the
      supervisor's website before any vote-by-mail ballot is
      distributed or upon their appointment, whichever is sooner.
      Alternate canvassing board members must be appointed pursuant

**NEW LANGUAGE FOR BILL- POLL WATCHERS**

Section XX.    Subsections (1), (2), (4) and (5) of section 101.131, Florida Statutes are amended to read:

101.131 Watchers at polls. –

(1) The Legislature finds that open and transparent elections promote integrity, security, and confidence in the state's electoral process. To that end, each ~~Each~~ political party and each candidate may have one watcher in each polling room, ~~or~~ early voting area, secure drop box location, or ballot tabulation area at any one time during the election. A political committee formed for the specific purpose of expressly advocating the passage or defeat of an issue on the ballot may have one watcher for each polling room, ~~or~~ early voting area, secure drop box location, or ballot tabulation area at any one time during the election. A ~~No~~ watcher ~~shall be permitted to~~ may not come closer to the officials' table, ~~or~~ the voting booths, drop box, or tabulation area than is reasonably necessary to meaningfully observe and properly perform his or her functions, but ~~each shall~~ must be allowed within the polling room, ~~or~~ early voting area, secure drop box location, or ballot tabulation area to watch and observe the conduct of electors, supervisor employees, and officials in close enough proximity to visually and aurally ascertain the proper administration of the election. The poll watchers shall furnish their own materials and necessities and shall not obstruct the orderly conduct of any election. The poll watchers shall pose any questions regarding polling place procedures, drop box procedures, or ballot tabulation procedures directly to the clerk or designated supervisor's employee for resolution. They may not interact with voters and may not interfere with the orderly administration of the election. A poll watcher exercising his or her right to meaningfully observe under this section is not to be deemed as

20

interfering with the election. Each poll watcher ~~shall~~ must either be a qualified and registered elector of the county in which he or she serves or a member in good standing with The Florida Bar and a qualified and registered elector of this state.

(2)  Each party, each political committee, and each candidate requesting to have poll watchers shall designate, in writing to the supervisors of elections, on a form prescribed by the division, before noon of the second Tuesday preceding the election poll watchers for each polling room on election day. Designations of poll watchers for early voting areas, secure drop box locations, or ballot tabulation areas shall be submitted in writing to the supervisor of elections, on a form prescribed by the division, before noon at least 14 days before early voting begins. If the deadline for submitting the designation form falls on a Saturday, Sunday, or legal holiday, the form must be submitted before noon on the next business day. The poll watchers for polling rooms shall be approved by the supervisor of elections on or before the Tuesday before the election. Poll watchers for early voting areas, secure drop box locations, or ballot tabulation areas shall be approved by the supervisor of elections no later than 7 days before early voting begins, before a secured drop box is made accessible to the public, or before ballot tabulation begins, whichever is sooner. The supervisor shall furnish to each election board, secure drop box monitor, and any designated supervisor employee a list of the poll watchers designated and approved for such polling rooms, ~~or~~ early voting areas, secure drop box locations, or ballot tabulation areas. Designation of poll watchers shall be made by the chair of the state or county executive committee of a political party, the chair of a political committee, or the

candidate requesting to have poll watchers, or an authorized designee thereof.

(4)  All poll watchers shall be allowed to enter, and watch, and meaningfully observe polls in all polling rooms and early voting areas, all secure drop boxes, and all ballot tabulation areas within the county or counties in which they have been designated if the number of poll watchers at any particular location polling place does not exceed the number provided in this section. Nothing shall prohibit a poll watcher from being designated for more than one location.

(5)  The supervisor of elections shall provide to each designated poll watcher an , no later than 7 days before early voting begins, a poll watcher identification badge no larger than 3 inches by 5 inches that identifies the poll watcher by name but does not identify the candidate, party, or political committee designating the poll watcher. Each poll watcher must wear his or her identification badge while performing his or her duties.

**NEW LANGUAGE FOR BILL- AUTHORITY OF SECRETARY TO INVESTIGATE**

Section XX. Subsections (14) and (15) of section 97.012, Florida Statutes are amended to read:

97.012 Secretary of State as chief election officer.-

(14)  Bring and maintain such actions at law or in equity by mandamus or injunction to enforce the performance of any duties of a county supervisor of elections or any official performing duties with respect to chapters 97 through 102 and 105 or to enforce compliance with a rule, opinion, or directive of the Department of State adopted or issued to interpret or implement any of those chapters.

(a)  Venue for such actions shall be in the Circuit Court of Leon County.

(b)  When the secretary files an action under this section and not more than 60 days remain before an election as defined in s. 97.021, or during the time period after the election and before certification of the election pursuant to s. 102.112 or s. 102.121, the court, including an appellate court, shall set an immediate hearing, giving the case priority over other pending cases.

(c)  Prior to filing an action to enforce performance of the duties of the supervisor of elections or any official described in this subsection, the secretary or his or her designee first must confer, or must make a good faith attempt to confer, with the supervisor of elections or the official to ensure compliance with chapters 97 through 102 and 105 or the rules of the Department of State adopted under any of those chapters.

(15)  Conduct preliminary investigations into any irregularities or fraud involving the official election administration duties of a county supervisor of elections or county canvassing board, voter registration, voting, candidate petition, or issue petition activities and report his or her findings to the

23

statewide prosecutor or the state attorney for the judicial circuit in which the alleged violation occurred for prosecution, if warranted. The Department of State may prescribe by rule requirements for filing an elections-fraud complaint and for investigating any such complaint.

**NEW LANGUAGE- CANDIDATE LEGAL FUND**

   Section XX.  Paragraph (b) of subsection (1) of section 106.08, Florida Statutes is amended to read:

      Section 106.08 Contributions; limitations on. -

   Paragraph (b) of subsection (1) of section 106.08, Florida Statutes is amended to read:

(1)

(b)  The contribution limits provided in this subsection do not apply to contributions made by a state or county executive committee of a political party or affiliated party committee regulated by chapter 103, contributions made to a candidate's legal expense fund used solely for legal fees and costs associated with a recount, election contest, or any legal proceeding relating to one's candidacy, or to amounts contributed by a candidate to his or her own campaign.

**NEW LANGUAGE- DECLARATION FOR ASSISTING A VOTE-BY-MAIL VOTER (RECOMMENDED BY 2012 MIAMI DADE GRAND JURY)**

Section XX.  Section 101.661, Florida Statutes, is amended to read:

101.661  Voting vote-by-mail ballots.—

(1) All electors must personally mark or designate their choices on the vote-by-mail ballot, except:

~~(1)~~ (a) Electors who require assistance to vote because of blindness, disability, or inability to read or write, who may have some person of the elector's choice, other than the elector's employer, an agent of the employer, ~~or~~ an officer or agent of the elector's union, or a paid or volunteer campaign worker mark the elector's choices or assist the elector in marking his or her choices on the vote-by-mail ballot.

~~(2)~~ (b) As otherwise provided in s. 101.051 or s. 101.655.

(2) (a) If an elector needs assistance in voting a vote-by-mail ballot as described in (1)(a), and requests help from a person other than an immediate family member as defined in s. 104.0616(1), the person providing assistance shall take the following oath and sign the declaration along with the elector requiring assistance:

DECLARATION TO PROVIDE ASSISTANCE TO ELECTOR VOTING BY MAIL

State of Florida

County of ____

Date ____

Address where voting occurs

I, (Print name) , have been requested by (print name of elector needing assistance) to provide him or her with assistance to vote. I swear or affirm that I am not the employer, an agent of the employer, or an officer or agent of the union of the voter, that

I am not a paid or volunteer campaign worker, and that I have not solicited this voter in an effort to provide assistance.

(Signature of assistor)

(Signature of Elector Needing Assistance)

The signed declaration shall be placed in the return mailing envelope but shall not be placed in the secrecy sleeve when returned to the supervisor of elections.  It shall be maintained with.

  (b) The Division may prescribe by rule a form of the declaration in paragraph (a) that shall include notice that making a false declaration is a felony of the third degree under s. 104.XXX. The Division and the supervisors shall ensure that copies of the declaration in paragraph (a) are available on their websites.


**STRIKE ALL LINES 1040-1048 (GOES WITH THE ABOVE CRIMINAL PENALTY)**

Section XX. Section 104.03,2 Florida Statutes, is created to read:

    104.032 False declaration or attestation regarding vote-by-mail ballots.--

    Any person who makes a false declaration under s. 104.0616(4) to distribute, order, request, collect, deliver, or possess the vote-by-mail ballot of another person or makes a false attestation under s. 101.661(2)(a) or s. 101.69(2)(d) is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

**NEW SECTION- SEVERABILITY CLAUSE**

Section XX. <u>The provisions of this act are severable.  If any provision of this act or the application is held invalid with respect to any person or circumstance, the invalidity does not affect other provisions or applications of the act that can be given effect without the invalid provision or application.</u>

**STRIKE ALL LINE 1124- EFFECTIVE DATE UPON BECOMING LAW**

Section 29.  This act shall take effect ~~July 1, 2021~~ <u>upon becoming a law</u>.

| From: | Blaise For Florida <info@blaiseforflorida.com> |
| --- | --- |
| **Sent:** | Tuesday, July 13, 2021 4:06 PM |
| **To:** | Maida, Michael |
| **Subject:** | Fwd: Election Bill Language |
| **Attachments:** | 14174156_1_(TLHDOCS)_Real Time Turnout Reporting.DOCX |

**EXTERNAL EMAIL:** This email originated from outside of the Legislature. USE CAUTION when clicking links or opening attachments unless you recognize the sender and know the content is safe.

---------- Forwarded message ---------
From: **Benjamin J. Gibson** <BGibson@shutts.com>
Date: Thu, Apr 15, 2021 at 9:01 PM
Subject: Election Bill Language
To: Blaise Campaign <info@blaiseforflorida.com>

Blaise:

1. **Real-Time Reporting:** Best shot at real-time reporting language attached. It should be run by supervisors. I am not sure whether all counties have the necessary equipment to do this currently.

2. **Signature Verification:** One option to avoid any unintended consequences is to strike the new section 101.046 ("wet signature") section and direct in section 101.68 that Department of State adopt rules no later than October 1, 2021 to provide guidelines for the signature verification process including priority of signatures, etc.

3. **Declaration to Assist VBM Voter**- If you add this language, you will want to also update the VBM instructions in section 101.65 to include reference to this declaration.

--

Political Advertisement Paid For And Approved By Blaise Ingoglia, Republican, For State Representative District 35

1

**NEW Section: Real-Time Turnout Reporting**

Section XX. Section 101.XXX Florida Statutes, is created to read:

    <u>101.XXX Real-time Voter Turnout Reporting.—</u>

    <u>(1) During any early voting period, a supervisor must provide real-time continuous reporting on its website of the total number of voters casting a ballot at each early voting location in the county.</u>

    <u>(2) On election day, a supervisor must provide real-time continuous reporting on its website of the total number of voters casting a ballot at each precinct in the county.</u>

    <u>(3) The Department of State shall adopt rules to provide a uniform procedure for supervisors to implement the requirements of this section.</u>

| **From:** | Blaise For Florida <info@blaiseforflorida.com> |
| **Sent:** | Tuesday, July 13, 2021 4:15 PM |
| **To:** | Maida, Michael |
| **Subject:** | Fwd: HB vs SB |
| **Attachments:** | Election Bills Key Differences (HB vs SB).pdf |

**EXTERNAL EMAIL:** This email originated from outside of the Legislature. USE CAUTION when clicking links or opening attachments unless you recognize the sender and know the content is safe.

---------- Forwarded message ---------
From: **Benjamin J. Gibson** <BGibson@shutts.com>
Date: Thu, Apr 22, 2021 at 1:17 PM
Subject: HB vs SB
To: Blaise Campaign <info@blaiseforflorida.com>

--

Political Advertisement Paid For And Approved By Blaise Ingoglia, Republican, For State Representative District 35

1

**FL Elections Bill**
**CS/CS/HB 7041** vs. **CS/CS/CS/SB 90 (as amended)**
*Thursday 4/22/2021 1:00pm*

## Key Differences

- **Prohibition on private funds for election related expenses**
  - Recommendation: take HB language (Section 7)
    - SB does <u>not</u> contain

- **Clarifying process for filling vacancy in nomination for U.S. Rep, state senator, state representative, state attorney, or public defender**
  - Recommendation: take HB language (Section 11)
    - SB does <u>not</u> contain

- **Signature Verification Procedure ("Wet signature")**
  - Recommendation: take SB position and <u>REMOVE</u> language from HB (Section 12)
    - SB does <u>not</u> contain language

- **Ballot Duplication Observation**
  - Recommendation: take HB language (Section 16)
    - SB language removes ability to stand in close enough proximity to observe duplication

- **Reasonable Access to View Signature Match**
  - Recommendation: take HB language (Section 18)
    - SB does <u>not</u> contain

- **Request for VBM ballots every election cycle**
  - Recommendation: take HB language (Section 21)

- **Drop Boxes**
  - Recommendation: take SB language limiting drop boxes to <u>only</u> during early voting hours
    - HB has after hours drop boxes
  - Recommendation: take SB language requiring manning of drop boxes at all times
    - HB allows video monitoring
  - Recommendation: take HB language requiring ID for return of ballot to drop box
    - SB does <u>not</u> contain

1

- **No Solicitation Zone**
  - o Recommendation: take SB language prohibiting giving or attempting to give any item to a voter
    - ▪ HB language too broad and difficult to enforce, prohibition on "engaging in any activity with the intent to influence or effect of influencing a voter"

- **VBM count Reporting**
  - o Recommendation: take HB language (Section 26)
    - ▪ Senate Bill does <u>not</u> contain

- **Ballot Harvesting Language including Declaration for possession**
  - o Recommendation: take HB language (Section 29)

- **Effective Date**
  - o Recommendation: take HB language (Section 31) (take effect upon becoming a law)

## <u>Priorities- ADD TO BILL</u>:

- **Poll Watcher Observation Rights** (language attached)
  - o Add poll watcher for drop boxes and tabulation areas
  - o Clarify observation rights

- **Increased Authority for Secretary of State to Investigate Fraud** (language attached)

- **Severability Clause** (language attached)

NEW LANGUAGE FOR BILL- POLL WATCHERS

Section XX.    Subsections (1), (2), (4) and (5) of section 101.131, Florida Statutes are amended to read:

101.131 Watchers at polls. –

(1)  The Legislature finds that open and transparent elections promote integrity, security, and confidence in the state's electoral process. To that end, each ~~Each~~ political party and each candidate may have one watcher in each polling room, ~~or~~ early voting area, secure drop box location, or ballot tabulation area at any one time during the election. A political committee formed for the specific purpose of expressly advocating the passage or defeat of an issue on the ballot may have one watcher for each polling room, ~~or~~ early voting area, secure drop box location, or ballot tabulation area at any one time during the election. A ~~No~~ watcher ~~shall be permitted to~~ may not come closer to the officials' table, ~~or~~ the voting booths, drop box, or tabulation area than is reasonably necessary to meaningfully observe and properly perform his or her functions, but ~~each shall~~ must be allowed within the polling room, ~~or~~ early voting area, secure drop box location, or ballot tabulation area to watch and observe the conduct of electors, supervisor employees, and officials in close enough proximity to visually and aurally ascertain the proper administration of the election. The poll watchers shall furnish their own materials and necessities and shall not obstruct the orderly conduct of any election. The poll watchers shall pose any questions regarding polling place procedures, drop box procedures, or ballot tabulation procedures directly to the clerk or designated supervisor's employee for resolution. They may not interact with voters and may not interfere with the orderly administration of the election. A poll watcher exercising his or her right to meaningfully observe under this section is not to be deemed as

3

interfering with the election. Each poll watcher ~~shall~~ must either be a qualified and registered elector of the county in which he or she serves or a member in good standing with The Florida Bar and a qualified and registered elector of this state.

(2) Each party, each political committee, and each candidate requesting to have poll watchers shall designate, in writing to the supervisors of elections, on a form prescribed by the division, before noon of the second Tuesday preceding the election poll watchers for each polling room on election day. Designations of poll watchers for early voting areas, secure drop box locations, or ballot tabulation areas shall be submitted in writing to the supervisor of elections, on a form prescribed by the division, before noon at least 14 days before early voting begins. If the deadline for submitting the designation form falls on a Saturday, Sunday, or legal holiday, the form must be submitted before noon on the next business day. The poll watchers for polling rooms shall be approved by the supervisor of elections on or before the Tuesday before the election. Poll watchers for early voting areas, secure drop box locations, or ballot tabulation areas shall be approved by the supervisor of elections no later than 7 days before early voting begins, before a secured drop box is made accessible to the public, or before ballot tabulation begins, whichever is sooner. The supervisor shall furnish to each election board, secure drop box monitor, and any designated supervisor employee a list of the poll watchers designated and approved for such polling rooms, ~~or~~ early voting areas, secure drop box locations, or ballot tabulation areas. Designation of poll watchers shall be made by the chair of the state or county executive committee of a political party, the chair of a political committee, or the

4

candidate requesting to have poll watchers, or an authorized designee thereof.

(4) All poll watchers shall be allowed to enter, and watch, and meaningfully observe polls in all polling rooms and early voting areas, all secure drop boxes, and all ballot tabulation areas within the county or counties in which they have been designated if the number of poll watchers at any particular location polling place does not exceed the number provided in this section. Nothing shall prohibit a poll watcher from being designated for more than one location.

(5) The supervisor of elections shall provide to each designated poll watcher an , no later than 7 days before early voting begins, a poll watcher identification badge no larger than 3 inches by 5 inches that identifies the poll watcher by name but does not identify the candidate, party, or political committee designating the poll watcher. Each poll watcher must wear his or her identification badge while performing his or her duties. **(paragraph (5) currently in House Bill)**

**NEW LANGUAGE FOR BILL- AUTHORITY OF SECRETARY TO INVESTIGATE**

Section XX. Subsections (14) and (15) of section 97.012, Florida Statutes are amended to read:

97.012 Secretary of State as chief election officer.-

(14)  Bring and maintain such actions at law or in equity by mandamus or injunction to enforce the performance of any duties of a county supervisor of elections or any official performing duties with respect to chapters 97 through 102 and 105 or to enforce compliance with a rule, opinion, or directive of the Department of State adopted or issued to interpret or implement any of those chapters.

(a)  Venue for such actions shall be in the Circuit Court of Leon County.

(b)  When the secretary files an action under this section and not more than 60 days remain before an election as defined in s. 97.021, or during the time period after the election and before certification of the election pursuant to s. 102.112 or s. 102.121, the court, including an appellate court, shall set an immediate hearing, giving the case priority over other pending cases.

(c)  Prior to filing an action to enforce performance of the duties of the supervisor of elections or any official described in this subsection, the secretary or his or her designee first must confer, or must make a good faith attempt to confer, with the supervisor of elections or the official to ensure compliance with chapters 97 through 102 and 105 or the rules of the Department of State adopted under any of those chapters.

(15)  Conduct preliminary investigations into any irregularities or fraud involving the official election administration duties of a county supervisor of elections or county canvassing board, voter registration, voting, candidate petition, or issue petition activities and report his or her findings to the

6

statewide prosecutor or the state attorney for the judicial
circuit in which the alleged violation occurred for prosecution,
if warranted. The Department of State may prescribe by rule
requirements for filing an elections-fraud complaint and for
investigating any such complaint.

**NEW SECTION- SEVERABILITY CLAUSE**

  Section XX. <u>The provisions of this act are severable.  If</u> <u>any provision of this act or the application is held invalid</u> <u>with respect to any person or circumstance, the invalidity does</u> <u>not affect other provisions or applications of the act that can</u> <u>be given effect without the invalid provision or application.</u>