UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | |
|---|---|
| LEAGUE OF WOMEN VOTERS OF FLORIDA, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>LAUREL M. LEE, in her official capacity as Florida Secretary of State, et al.,<br><br>Defendants,<br><br>and<br><br>REPUBLICAN NATIONAL COMMITTEE, and NATIONAL REPUBLICAN SENATORIAL COMMITTEE,<br><br>Intervenor-Defendants. | Cases Consolidated for Trial:<br><br>Case Nos.: 4:21-cv-186-MW/MAF<br>4:21-cv-187-MW/MAF<br>4:21-cv-201-MW/MAF<br>4:21-cv-242-MW/MAF |

### *FLORIDA RISING TOGETHER* PLAINTIFFS' MOTION TO DETERMINE ENTILEMENT TO ATTORNEYS' FEES, EXPERT FEES, AND LITIGATION EXPENSES AND INCORPORATED MEMORANDUM OF LAW[1]

---

[1] The *Florida Rising Together* Plaintiffs are aware of the Court's Order earlier today deferring consideration of the Motion for Entitlement to Attorneys' Fees filed in the HTFF case, No. 4:21-cv-242, ECF No. 272. The *Florida Rising Together* Plaintiffs nevertheless file this Motion to ensure that their rights are preserved.

US 171746216v6

Pursuant to 42 U.S.C. §§ 1983 and 1988, 52 U.S.C. § 10301, Fed. R. Civ. P. 54(d), and Local Rule 54.1, Plaintiffs Florida Rising Together, Equal Ground Education Fund, Hispanic Federation, Poder Latinx, and UnidosUS (collectively "Plaintiffs" or "*Florida Rising Together* Plaintiffs") hereby request that this Court find that Plaintiffs are prevailing parties entitled to an award of attorney's fees, expert fees, and litigation expenses.[2]

## I.   BACKGROUND

Plaintiffs are nonprofit civic organizations that engage in voter education, voter registration, and get-out-the-vote activities in Florida. Shortly after the enactment of Senate Bill 90 ("SB 90"), Plaintiffs challenged five of its provisions under the U.S. Constitution and the Voting Rights Act ("VRA"), 52 U.S.C. § 10301, *et. seq.* Plaintiffs ultimately obtained permanent injunctive relief on the merits of several of their constitutional and statutory claims.

Plaintiffs' complaint raised the following challenges to SB 90: (1) a challenge to the Drop Box Provisions under the Fourteenth and Fifteenth Amendments and

---

[2] This motion is filed pursuant to the bifurcated procedure set forth in Local Rule 54.1(A), under which "[a] party who seeks an award of attorney's fees must first move for a determination of the party's *entitlement* to a fee award and may move for a determination of the *amount* of an award only after the Court determines the party's entitlement to an award." N.D. Fla. Loc. R. 54.1(A). If the Court determines that Plaintiffs are entitled to an award of their attorneys' fees, expert fees, and litigation expenses, Plaintiffs will file a motion for determination of the amount of the award pursuant to Local Rule 54.1(E).

Section 2 of the VRA; (2) a challenge to the Solicitation Provision under the First, Fourteenth, and Fifteenth Amendments and Section 2 of the VRA; (3) a challenge to the Registration Delivery Provision under the First, Fourteenth, and Fifteenth Amendments and Section 2 of the VRA; (4) a challenge to the Registration Disclaimer Provision under the First Amendment; and (5) a challenge to the VBM Request Identification Provision under the Fourteenth and Fifteenth Amendments and Section 2 of the VRA. ECF 59 ¶¶ 165–252. Plaintiffs brought all of the constitutional claims under 42 U.S.C. § 1983. *Id.*

Plaintiffs named as defendants the Secretary of State and all sixty-seven of Florida's Supervisors of Elections. Plaintiffs sought declaratory and permanent injunctive relief—specifically, a declaratory judgment that each of the challenged provisions violates the Constitution and/or the VRA and an injunction barring Defendants from enforcing the challenged provisions. ECF 59 at 119–20. Plaintiffs also asked the Court to retain jurisdiction and subject Defendants to a preclearance requirement under Section 3(c) of the VRA, 52 U.S.C. § 10302(c). *Id.* at 120.

The case was consolidated with three other cases for discovery purposes. Plaintiffs served discovery requests on all Defendants, and received more than six million pages of documents in response. Plaintiffs also received 352 interrogatories and 212 requests for production from Defendants and Defendant-Intervenors, and

3

produced more than 56,103 documents totaling 232,754 pages in response, and took and defended a total of twenty-six depositions.[3]

Plaintiffs served expert reports from Drs. Sharon Austin, J. Morgan Kousser, Daniel A. Smith, and Michael McDonald—all of whom testified at trial. Dr. Austin, an expert on Florida elections and Black and Latino political participation, testified about Florida's history of racial discrimination. ECF 308 at 42 (citing Tr. at 838). Dr. Kousser, an expert in American (specifically, Southern) politics and voting rights, testified about the history of "race and partisanship" in Florida and how they are "inextricably intertwined." ECF 308 at 48 (quoting Tr. at 1688). Dr. Smith provided testimony on the "calculus of voting" framework and the impact of the challenged provisions. ECF 308 at 90 (quoting Tr. at 2225–27). Finally, Dr. McDonald rebutted the testimony of Defendants' expert Dr. Quentin Kidd. The Court relied extensively on the testimony of Dr. Austin, Dr. Kousser, and Dr. Smith in its decision. *See, e.g.*, ECF 308 at 42–43 (citing Drs. Austin and Kousser on Florida's history of racial discrimination); ECF 308 at 94–96 (citing Dr. Smith's expert testimony on the impact of SB 90 on the availability of drop boxes).[4]

---

[3] These numbers include the responses of three additional plaintiffs—Faith in Florida, Mi Familia Vota Education Fund, and Sant La Haitian Neighborhood Center—that were later voluntarily dismissed from the case. *See* ECF 229, 304 & 305.

[4] The Court expressly found Dr. Kidd's conclusions not to be reliable, ECF 308 at n.14, and therefore had no reason to rely on Dr. McDonald's testimony in its opinion. Plaintiffs had no way of knowing that Dr. McDonald's rebuttal testimony would be

Defendants filed motions to dismiss and motions for summary judgment, which were, for the most part, denied by the Court. *See* ECF 208 at 1-2 (denying Secretary Lee's motion to dismiss in part); ECF 249 (denying Secretary Lee's motion for summary judgment as moot); ECF 293 at 9 (denying nearly all of Supervisors' motion for summary judgment); ECF 294 at 39 (denying in part Defendants' motions for summary judgment).

The Court then held a fourteen-day bench trial, hearing testimony from forty-two witnesses. ECF 308 at 2. Plaintiffs presented testimony from each of the *Florida Rising Together* Plaintiffs, as well as Drs. Kousser, Austin, Smith, and McDonald. *Florida Rising* Plaintiffs also took the lead on the direct and cross examinations of numerous other witnesses, including Dr. Kidd, Dr. Moreno, Supervisor Doyle, Representative Geraldine Thompson, and Senator Gary Farmer. *Florida Rising Plaintiffs* also actively coordinated with other Plaintiffs in preparing for the testimony of other Supervisors and legislator witnesses, as well as adverse witnesses from the Secretary of State.

On March 31, the Court entered an order granting a permanent injunction on several of Plaintiffs' claims and affording Plaintiffs nearly all of the relief they had sought. *See generally* ECF 308. *First*, the Court found that the Registration

---

unnecessary for the Court to reach its conclusions about Dr. Kidd, and thus Dr. McDonald's expert fees and expenses should also be recoverable.

Disclaimer Provision violated the First Amendment and entered a permanent injunction prohibiting Defendant Lee from enforcing the provision. *Id.* at 285−86. *Second*, the Court found that the Drop Box Provisions violated the Fourteenth and Fifteenth Amendments and Section 2 of the VRA; it accordingly entered a permanent injunction prohibiting Defendant Lee and Defendant Supervisors from enforcing the provision. *Id.* *Third*, the Court found that the Registration Delivery Provision violated the Fourteenth and Fifteenth Amendments and Section 2 of the VRA; it accordingly entered a permanent injunction prohibiting Defendant Lee from enforcing the provision. *Id.* *Fourth*, the Court found that the Solicitation Provision violated the First, Fourteenth, and Fifteenth Amendments and Section 2 of the VRA, and enjoined Defendant Supervisors from enforcing that provision. *Id.* *Finally*, the Court subjected the State to a preclearance requirement for any further law or regulation addressing third party voter registration organizations, drop boxes, or "line warming" activities. ECF 308 at 287−88.

### III.   ARGUMENT

Because Plaintiffs have prevailed on their claims under 42 U.S.C. § 1983 and Section 2 of the VRA, they are entitled to an award of attorneys' fees, including expert fees and litigation expenses, pursuant to 42 U.S.C. § 1988 and 52 U.S.C. § 10301.

   A.   **Plaintiffs Are Prevailing Parties**

Under Section 1988, the "prevailing party" in any action under 42 U.S.C. § 1983 may recover "a reasonable attorney's fee." 42 U.S.C. § 1988. A party need not succeed on all issues to be deemed a prevailing party. Rather, a party "prevails" in a § 1983 action if it "succeed[s] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (citation omitted). In other words, a party need only "receive at least *some* relief on the merits on his claims" to be entitled to fees. *Buckannon Bd. & Care Home, Inc., v. W.V. Dep't of Health & Hum. Res.*, 532 U.S. 598, 603 (2001) (emphasis added) (citation omitted); *see Common Cause Georgia v. Georgia*, 17 F.4th 102, 107 (11th Cir. 2021) (holding that receipt of temporary restraining order was sufficient to award attorney's fees in voting rights case). *See also Smallbein v. City of Daytona Beach*, 353 F.3d 901, 905 (11th Cir. 2003) (obtaining "at least some relief on the merits" is sufficient to make a plaintiff a prevailing party). As the Supreme Court has explained in a Section 1988 case, "a plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar v. Hobby*, 506 U.S. 103, 111–12 (1992).

This same analysis applies to claims for attorneys' fees under the Voting Rights Act. Section 10310 states in relevant part: "In any action or proceeding to

7

enforce the voting guarantees of the fourteenth or fifteenth amendment, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, reasonable expert fees, and other reasonable litigation expenses as part of the costs." 52 U.S.C. § 10310. The analysis of whether a party "prevailed" is the same under the Voting Rights Act as under Section 1988. *See Dillard v. City of Greensboro*, 213 F.3d 1347, 1353–54 (11th Cir. 2000) (citing the test from *Farrar v. Hobby* to define prevailing party in a claim for attorney fees under the VRA).

Here, the relief obtained by Plaintiffs more than meets this threshold. Courts have "repeatedly held that an injunction or declaratory judgment" will "usually" entitle a plaintiff to a fee award. *Lefemine v. Wideman*, 568 U.S. 1, 4 (2012). As explained, *Florida Rising Together* Plaintiffs challenged five provisions of SB 90 and obtained declaratory and injunctive relief against four of the challenged provisions. Because these four provisions cannot be enforced by Defendants against Plaintiffs, the Court's order has plainly resulted in a "material alteration of the legal relationship of the parties" in the way that Plaintiffs sought. *Common Cause/Georgia v. Billups*, 554 F.3d 1340, 1356 (11th Cir. 2009) (citation omitted). Moreover, any laws or regulations in the areas of third-party voter registration organizations, "line warming," and drop boxes are subject to pre-clearance review by the Court or the Department of Justice. *See* ECF 308 at 283–88. Plaintiffs

8

requested this preclearance remedy. Accordingly, this is another way in which Plaintiffs have "achieve[d] some of the benefit the parties sought in bringing suit." *Hensley*, 461 U.S. at 433. Plaintiffs are therefore "prevailing parties" under both Section 1988 and the VRA.

### B. Plaintiffs Are Entitled to Attorneys' Fees, Costs, and Litigation Expenses, Including Expert Fees

As prevailing parties under both the VRA and Section 1988, Plaintiffs may recover expert fees as part of their fees and costs. *See* 42 U.S.C. § 1988(c) (allowing for "expert fees" as part of the attorney's fee); 52 U.S.C. § 10310(e) (including "reasonable expert fees" as recoverable costs of a prevailing party). Accordingly, Plaintiffs are entitled to expert fees for Drs. Austin, Kousser, McDonald, and Smith, as part of their attorney's fees. As explained, all four experts provided important testimony at trial in support of Plaintiffs' claims.

Plaintiffs are further entitled to additional litigation expenses. Section 10310(e) of the VRA expressly states that "other reasonable litigation expenses" incurred by a prevailing party are recoverable. 52 U.S.C. § 10310(e). And courts have similarly held that "[a]n award of attorney's fees under section 1988 also includes various costs and expenses, over and above those outlined in [28 U.S.C. § 1920], the general statute for taxation of costs." *Johnson v. Mortham*, 950 F. Supp. 1117, 1126 (N.D. Fla. 1996), *on reconsideration in part*, 173 F.R.D. 313 (N.D. Fla. 1997). These include such costs as photocopying charges, fees of process servers,

9

travel and related meal expenses, contract attorneys, telephone, postage, computer research, and data hosting and processing fees. *See Missouri v. Jenkins ex rel. Agyei*, 491 U.S. 274, 285 (1989) (noting that the "fee must take into account the work not only of attorneys, but also of secretaries, messengers, librarians, janitors, and others whose labor contributes to the work product for which an attorney bills her client; and it must also take account of other expenses and profit"); *Evans v. Books-A-Million*, 762 F.3d 1288, 1299 (11th Cir. 2014) (collecting cases detailing reasonable litigation expenses); *N.A.A.C.P. v. City of Evergreen, Ala.*, 812 F.2d 1332, 1337 (11th Cir. 1987) ("'[W]ith the exception of routine office overhead normally absorbed by the practicing attorney, all reasonable expenses incurred in case preparation, during the course of litigation, or as an aspect of settlement of the case may be taxed as costs under section 1988' and 'the standard of reasonableness is to be given a liberal interpretation.'") (alteration in original) (quoting *Dowdell v. City of Apopka*, 698 F.2d 1181, 1192 (11th Cir. 1983)). Accordingly, Plaintiffs respectfully request that the Court determine they are entitled to expert fees and litigation expenses in addition to attorneys' fees.

### C. The Court Should Award Fees Against Defendant Lee

The Court should hold Defendant Lee liable for attorneys' fees for the Solicitation Provision, even though the Court's injunction on this issue did not

include Defendant Lee.[5]  Although attorneys' fees are not typically awarded against intervenors, the circumstances of this case warrant relief here.  After the claim against her related to this provision was dismissed (ECF 201), Defendant Lee voluntarily chose to intervene in order to defend this provision (ECF 260).  After Defendant Lee's motion to intervene was granted (ECF 282), Defendant Lee aggressively defended the Solicitation Provision, which the Court ultimately found violated the Constitution and the Voting Rights Act.  ECF 308 at 286.

In this circumstance, awarding attorneys' fees against Defendant Lee is appropriate.  *See Mallory v. Harkness*, 923 F. Supp. 1546, 1553 (S.D. Fla. 1996) (finding the Florida Attorney General, an intervenor, liable for attorneys' fees after "voluntarily" defending an unconstitutional statute).  By choosing to defend this claim when she did not have to, Defendant Lee forced Plaintiffs to incur extensive attorney fees and litigation costs for a claim on which Plaintiffs ultimately prevailed.  Defendant Lee, like the Attorney General in *Mallory*, "cannot be 'innocent' in terms of violating the Plaintiff's civil rights."  *Id.*  To allow Defendant Lee to use her status as an intervenor "to escape liability for attorney fees" would constitute a "loophole" that "violates the policy behind 42 U.S.C. § 1988."  *Id.*

---

[5] The Court issued an injunction against Defendant Lee and Defendant Supervisors on the Drop Box Provisions, the Registration Delivery Provision, and the Registration Disclaimer Provision, but only against Defendant Supervisors with respect to the Solicitation Provision.  ECF 308 at 284–88.

11

## IV.  CONCLUSION

For the reasons stated above, Plaintiffs are prevailing parties in their claims under the U.S. Constitution and the Voting Rights Act, and they are entitled to recover attorney's fees, expert fees, and litigation expenses.

Respectfully submitted this 14th day of April, 2022.

/s/ Jeremy C. Karpatkin
Jeremy C. Karpatkin
John A. Freedman*
Elisabeth S. Theodore*
Janine M. Lopez*
Sam I. Ferenc*
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Ave., NW
Washington, D.C. 20001-3743
Telephone: 202-942-5000
Jeremy.Karpatkin@arnoldporter.com
John.Freedman@arnoldporter.com
Elisabeth.Theodore@arnoldporter.com
Janine.Lopez@arnoldporter.com
Sam.Ferenc@arnoldporter.com

Jeffrey A. Miller*
Arnold & Porter Kaye Scholer LLP
3000 El Camino Road
Five Palo Alto Square, Suite 500
Palo Alto, CA 94306-3807
Telephone: 650-319-4500
Jeffrey.Miller@arnoldporter.com

Aaron Stiefel*
Daniel R. Bernstein*

Ryan D. Buhdu*
Andrew R. Hirschel*
Arnold & Porter Kaye Scholer LLP
250 West 55th Street
New York, NY 10019-9710
Telephone: 212-836-8000
Aaron.Stiefel@arnoldporter.com
Daniel.Bernstein@arnoldporter.com
Ryan.Budhu@arnoldporter.com
Andrew.Hirshel@arnoldporter.com

Judith B. Dianis*
Gilda R. Daniels
Sabrina Khan*
ADVANCEMENT PROJECT
1220 L Street, N.W., Suite 850
Washington, DC 20005
Telephone: 202-728-9557
Jbrowne@advancementproject.org
Gdaniels@advancementproject.org
Skhan@advancementproject.org

Kira Romero-Craft
Florida Bar No. 49927
Brenda Wright *
DEMOS
80 Broad Street
4th Floor
New York, NY 10004
Telephone: 212-633-1405
Kromero-craft@demos.org
bwright@demos.org

Miranda Galindo*
LatinoJustice, PRLDEF
523 W Colonial Dr.
Orlando, FL 32804
Telephone: 321-418-6354
Mgalindo@latinojustice.org

*\*Admitted pro hac vice*

*Counsel for Florida Rising Plaintiffs*

## LOCAL RULES CERTIFICATION

Undersigned counsel conferred with opposing counsel pursuant to Local Rule 7.1(B). Counsel for Defendant and for Defendant-Intervenors position is to hold proceedings related to fees and costs in abeyance until after the conclusion of appellate proceedings. Counsel for Defendant Supervisors who responded to the request for conferral either took no position or reserved the right to oppose fees awarded against them. Undersigned counsel certifies that this motion contains 2,530 words, excluding the case style, conferral certification, and certificate of service.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 14, 2022 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel in the Service List below.

/s/ Jeremy C. Karpatkin
Jeremy C. Karpatkin

*Counsel for Plaintiffs*
