**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

FLORIDA RISING TOGETHER, et al.,
                                    *Plaintiffs*,

    v.

CORD BYRD, in his official capacity as
Florida Secretary of State, et al.,
                                    *Defendants*,

REPUBLICAN NATIONAL
COMMITTEE and NATIONAL
REPUBLICAN SENATORIAL
COMMITTEE,
                        *Intervenor-Defendants*.

No. 4:21-cv-201-MW-MAF

**THE SECRETARY'S RESPONSE IN
OPPOSITION TO PLAINTIFFS' MOTION TO DETERMINE
<u>AMOUNT OF ATTORNEYS' FEES AND LITIGATION EXPENSES</u>**

Secretary of State Cord Byrd opposes Plaintiffs' motion to determine the amount of attorneys' fees and litigation expenses. Doc.376. The accompanying memorandum provides the bases for his opposition. The Secretary also attaches a declaration from his fees expert, Charles Beall, Jr. **Attachment 1**. Mr. Beall's declaration is incorporated and adopted into the Secretary's memorandum.

## Introduction

Plaintiffs seek *more than* $2,138,005.70 from Florida taxpayers, Doc.376 at 2 n.2, despite losing practically all of their challenges against Senate Bill 90. Plaintiffs *lost* their § 2 Voting Rights Act challenge to the bill's drop-box, vote-by-mail, registration-delivery, and solicitation-definition provisions; *lost* their Fourteenth Amendment intentional discrimination challenge to its drop-box, vote-by-mail, registration-delivery, and solicitation-definition provisions; *lost* their Fifteenth Amendment intentional discrimination challenge to its drop-box, vote-by-mail, registration-delivery, and solicitation-definition provisions; *lost* their *Anderson-Burdick* challenge to its drop-box, vote-by-mail, registration-delivery, and solicitation-definition provisions; *lost* their § 208 Voting Rights Act challenge to its solicitation-definition provision; and *lost* their free-speech and free-association challenge to its registration-delivery provision. Doc.59.

Despite this rout, Plaintiffs seek millions of dollars for prevailing on *half* of their vagueness and overbreadth challenge to *half* of the solicitation-definition provision. And even though they prevailed on their compelled-speech challenge to the registration-disclaimer provision before this Court, that decision was vacated by the Eleventh Circuit under *Munsingwear*. Even if such circumstances constitute "prevailing"—which the Secretary maintains they don't, as he will argue to the Eleventh Circuit, *Interstate Pipe Maintenance, Inc. v. FMC Corp.*, 775 F.2d 1495, 1497 (11th Cir. 1985)—Plaintiffs aren't entitled to the fees they seek. Their attorneys' hours are unreasonably high, and don't justify their extremely limited (and purported) success. So are their request for costs.

Civil-rights fees and costs provisions "were never intended to 'produce windfalls to attorneys.'" *Farrar v. Hobby*, 506 U.S. 103, 115-16 (1992) (quoting *Riverside v. Rivera*, 477 U.S. 561, 580-81 (1986) (plurality)). This Court shouldn't allow Plaintiffs to get one.

## Legal Standard

Attorneys' fees are calculated under the lodestar method. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1984). The method's "starting point" is multiplying an attorney's reasonable hourly rate by the hours reasonably expended in the litigation. *Id.* "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by" attorneys "of reasonably comparable skills, experience, and reputation." *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). The prevailing market here is Tallahassee.

Hours reasonably expended doesn't include hours that are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. Time "must" also be deducted "on discrete and unsuccessful claims." *Norman*, 836 F.2d at 1302. Courts could conduct an hour-by-hour review of billing entries. *Villano v. City of Boynton Beach*, 254 F.3d 1302, 1311 (11th Cir. 2001). But when billing is voluminous—such as billing over 569.3 hours—courts can bypass the hour-by-hour review and conduct an across-the-board cut when appropriate. *Id.* What's more, "the Supreme Court explicitly stated that" courts "could simply reduce the award to account for the plaintiff's limited success instead of eliminating hours specifically expended on unsuccessful claims." *Popham v. Kennesaw*, 820 F.2d 1570, 1581 (11th Cir. 1987).

After all, the "degree of success obtained" is the "most critical factor" in a fees assessment. *Hensley*, 461 U.S. at 435-36. When a "a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." *Id.* at 436. As such, the "court should award only that amount of fees that is reasonable in relation to the results obtained." *Foster v. Bd. of Sch. Comm'rs*, 810 F.2d 1021, 1029 (11th Cir. 1987). That's true, even in cases "where plaintiffs have proven a violation of a constitutional right but failed to achieve the full measure of success sought." *Villano*, 254 F.3d at 1306.

## Argument

To be clear, if Plaintiffs are to receive fees, it should only be for a nominal amount—a few thousand dollars. The Secretary's fees expert, Charles Beall, Jr., agrees with this point: "I believe an award of nominal attorneys' fees would be appropriate in this case given the extremely limited success FRT ultimately achieved." **Attachment 1** ¶¶ 14, 49 (Mr. Beall's declaration). However, to comply with Local Rule 54.1, a lodestar fees analysis was conducted. After reducing the rates and hours of Plaintiffs' attorneys, and after conducting a limited-success reduction, "a range between $180,000.00 and $220,000.00" would be reasonable. **Attachment 1** ¶ 54. Under the lodestar method, Plaintiffs should obtain no more than that amount.

## I.    The Rates Are Permissible.

The rates that Plaintiffs propose, Doc.376 at 10-15, are reasonable and correspond to the rates found in this Court's case law. *E.g.*, *Austin v. Univ. of Fla. Bd. of*

*Trs.*, 1:21-cv-184, 2023 U.S. Dist. LEXIS 208023, at *8-10 (N.D. Fla. Nov. 9, 2023); *Beta Upsilon Chi v. Machen*, 1:07-cv-135, 2014 U.S. Dist. LEXIS 140472, at *16 (N.D. Fla. Oct. 1, 2014); *ACLU of Fla., Inc. v. Dixie County*, 1:07-cv-00018, 2012 U.S. Dist. LEXIS 22486, at *5, 10 (N.D. Fla. Feb. 6, 2012). Mr. Beall agrees. **Attachment 1** ¶ 16.

## II.    The Hours Are Unreasonable, Plaintiffs Obtained Extremely Limited Results, and a Significant Reduction Is Warranted.

Plaintiffs seek compensation for over 8,000 billed hours. Doc.376 at 17. They justify this amount, because they seek only reimbursement for "core team members" and because the Secretary gave a vigorous defense; Plaintiffs also note that they reduced hours "for work specifically related to [the] prosecution of claims where Plaintiffs did not prevail" and applied certain discount percentages. Doc.376 at 15-22. Even with the reductions, the hours requested are too high, and a significant reduction is warranted.

**A.** For starters, Plaintiffs' results are extremely limited. "When the plaintiff's success is purely technical or de minimis, no fees can be awarded. Such a plaintiff either has failed to achieve victory at all, or has obtained only a Pyrrhic victory for which the reasonable fee is zero." *Farrar*, 506 U.S. at 114 (O'Connor, J., concurring).

Here, Plaintiffs' success on their compelled-speech challenge to the registration-disclaimer provision before this Court is a technical victory (if it can be called a victory at all). The provision itself was mooted by subsequent legislation, and the Eleventh Circuit vacated this Court's decision under *Munsingwear*. This doesn't amount to a weighty success worthy of hundreds of thousands of dollars.

5

And  the solicitation-definition challenge can only be described as de minimis. For a comparable case, consider *Texas State Teachers Association v. Garland Independent School District*. There, the plaintiffs challenged several school-district policies. 489 U.S. 782, 785 (1989). They prevailed on at least some of their challenges. For one challenge in particular—a vagueness challenge to a "requirement of school[-]principal approval of teacher meetings with union representatives after school hours"—the plaintiffs prevailed on the issue before the district court. *Id.* at 786. Even so, that challenge was described as being of "minor significance, since there was no evidence in the record to indicate that school officials" enforced the policy. *Id.*

The case worked its way through the appellate process, *id.* at 786-88, and the plaintiffs' efforts to obtain attorneys' fees also worked its way through the appellate process. When the fees issue eventually went before the Supreme Court, the Court explained that a plaintiff isn't a prevailing party when he wins a merely technical victory or a de minimis victory. *Id.* at 792. The Court used the vagueness challenge as an example:

> As we noted . . . respect for ordinary language requires that a plaintiff receive at least some relief on the merits of his claim before he can be said to prevail. Thus, at a minimum, to be considered a prevailing party within the meaning of § 1988, the plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant. Beyond this absolute limitation, a technical victory may be so insignificant . . . as to be insufficient to support prevailing party status.
>
> For example, in the context of this litigation, the District Court found that the requirement that nonschool hour meetings be conducted only with prior approval from the local school principal was unconstitutionally

vague. The District Court characterized this issue as "of minor significance" and noted that there was "no evidence that the plaintiffs were ever refused permission to use school premises during non-school hours." *If this had been petitioners' only success in the litigation, we think it clear that this alone would not have rendered them "prevailing parties" within the meaning of § 1988.* Where the plaintiff's success on a legal claim can be characterized as purely technical or de minimis, a district court would be justified in concluding that even the "generous formulation" we adopt today has not been satisfied.

*Id.* at 792 (cleaned up, emphasis added, paragraph spacing added for readability).

That's true with the challenge to the solicitation-definition provision—invaliding half of the provision through half of their vagueness and overbreadth challenge. *League of Women Voters of Fla., Inc. v. Fla. Sec'y of State*, 66 F.4th 905, 948 (11th Cir. 2023). Like the policy in *Garland*, there was no evidence in the record that the provision was actually enforced. (Plaintiffs' challenge here was a pre-enforcement challenge.) *Cf.* Fla. Stat. § 101.051(2) (imposing a 150-feet solicitation ban that went unchallenged in this case). Plaintiffs should only therefore get a nominal amount.

**B.** Mr. Beall agrees with these points and also reviewed Plaintiffs' hours. He ably explains why the hours are overall unreasonable and specifically unreasonable for the categories of tasks identified by Plaintiffs. **Attachment 1 ¶¶** 17-53. To put it briefly, too many Plaintiffs' attorneys worked on this case, the compelled-speech and vagueness issues are discrete and involved little facts, and given the attorneys' specialization in voting-rights cases, their familiarity with voting-rights law should have greatly reduced the hours sought in this case.

Mr. Beall provides a reduced-hours amount, **Attachment 1** ¶¶ 44-45, but he concludes that, based on Plaintiffs' extremely limited results, further reductions are needed, **Attachment 1** ¶¶ 46-53. As he put it:

> Here, a review of the trial transcripts confirms that the two successful claims encompassed, at most, 3 trial days out of 14, and much of the time was devoted to standing. Thus, a reduction of at least 75 percent is warranted to account for the limited success. That further reduction would result in an award of $200,009.75.

> Recognizing that attorneys' fees are not an exact science and that an opinion expressed as a range is often more helpful, I believe that fees within approximately 10 percent of these figures (in either direction) would be reasonable. When rounded off, that results in a range between $180,000.00 and $220,000.00. I believe that a reasonable, paying client would agree to pay no more than an amount within the range listed above for the results achieved here.

**Attachment 1** ¶¶ 53-54.

## II.    The Costs Are Also Excessive.

Plaintiffs seek $683,389.71 in costs. Doc.376 at 22. Plaintiffs provide little justifications for these expenses. They fail to explain how these costs—depositions of certain individuals, costs of experts, for example—relate to their two challenges. As far as the Secretary recalls, Dr. Smith's and Dr. McDonald's expert reports and testimony had nothing to do with Plaintiffs' vagueness and overbreadth challenges to the solicitation-definition provision or compelled-speech challenge to the registration-disclaimer provision. It thus seems inequitable for Plaintiffs to be compensated for such expenses. And it still matters that Plaintiffs failed in most of their challenges to SB90: "a reduction in costs can be justified, at least in part, on the grounds of minimal

success." *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 846 F.3d 1159, 1166 (11th Cir. 2017).

Plaintiffs should therefore receive a nominal amount.

## Conclusion

The Secretary therefore asks this Court to reject Plaintiffs' request for $2,138,005.70.

Dated: November 7, 2024                    Respectfully submitted,

Bradley R. McVay (FBN 79034)
  Deputy Secretary of State
Brad.McVay@dos.myflorida.com
Ashley E. Davis (FBN 48032)
  Chief Deputy General Counsel
Ashley.Davis@dos.myflorida.com
FLORIDA DEPARTMENT OF STATE
R.A. Gray Building, Suite 100
500 South Bronough Street
Tallahassee, Florida 32399
Phone: (850) 245-6536
Fax: (850) 245-6127

*/s/ Mohammad O. Jazil*
Mohammad O. Jazil (FBN 72556)
Gary V. Perko (FBN 855898)
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK PLLC
119 South Monroe Street, Suite 500
Tallahassee, Florida 32301
Phone: (850) 270-5938
Fax: (850) 741-1023
mjazil@holtzmanvogel.com
gperko@holtzmanvogel.com
zbennington@holtzmanvogel.com

*Counsel for the Secretary*

9

## **CERTIFICATE OF COMPLIANCE**

I certify that this response complies with the Court's spacing, and formatting requirements and certify that this response contains 1,916 words, excluding the case style and certifications.

/s/ Mohammad O. Jazil
Mohammad O. Jazil

## **CERTIFICATE OF SERVICE**

I certify that on November 7, 2024, I electronically filed the foregoing with the Clerk of Court using CM/ECF, which automatically serves all counsel of record for the parties who have appeared.

/s/ Mohammad O. Jazil
Mohammad O. Jazil