# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**FLORIDA RISING TOGETHER, et al.,**

    *Plaintiffs,*

**v.**                            **Case No. 4:21cv201-MW/MJF**

**CORD BYRD, et al.,**

    *Defendants,*

**and**

**NATIONAL REPUBLICAN
SENATORIAL COMMITTEE and
REPUBLICAN NATIONAL
COMMITTEE,**

    *Intervenor-Defendants.*

_____/

## ORDER GRANTING PLAINTIFFS' MOTION TO DETERMINE ENTITLEMENT TO FEES

This Court has considered, without hearing, the Florida Rising Together Plaintiffs' (hereinafter "Plaintiffs' ") motion to determine entitlement to fees. ECF No. 358.[1] The Secretary of State filed a response in opposition. ECF No. 362.[2]

---

[1] This case was consolidated with several other for purposes of discovery and trial, so many of the relevant filings appear on the consolidated docket in Case No. 4:21cv186-MW/MAF. ECF citations in this order, however, refer to this case—Case No. 4:21cv201-MW/MJF—unless otherwise specified.

[2] Plaintiffs note that the Attorney General opposes the relief requested, but their motion does not state that they are seeking fees and costs from her. Plaintiffs' motion only requests an

Plaintiffs then filed a reply. ECF No. 366. For the reasons that follow, Plaintiffs'

motion is due to be granted.

I

Before addressing the substance of Plaintiffs' motion for fees, a brief

procedural history is necessary. Plaintiffs, along with several other groups and

individuals in related cases, sued to enjoin various state actors from enforcing new

election laws as amended by Florida Senate Bill 90 ("SB 90"). Specifically, Plaintiffs

sought a permanent injunction (1) prohibiting the Secretary and the Attorney General

from enforcing the Registration Disclaimer provision against them; and (2)

prohibiting the Secretary and Defendant Supervisors of Elections from enforcing SB

90's Solicitation Definition. As to Plaintiffs' challenge to the Solicitation Definition,

this Court dismissed Plaintiffs' claim against the Secretary for lack of standing

because the Secretary did not enforce the provision—the Defendant Supervisors did.

*See* ECF No. 358 at 6–7. Nevertheless, the Secretary then moved to intervene to

defend this portion of the law because he was concerned about the Defendant

Supervisors' willingness to do so, *see* ECF No. 337-1 at 8 *in* Case No. 4:21cv186-

MW/MAF, and this Court granted the Secretary's motion. Following a bench trial

before this Court, Plaintiffs won a permanent injunction on their challenge to both

---

award of fees and costs "against Defendant Secretary of State Cord Byrd . . . ." *See* ECF No. 358
at 2.

2

the Registration Disclaimer provision and the Solicitation Definition provision. *See* ECF No. 308.

On appeal, the Eleventh Circuit vacated the injunction directed at the Secretary and Attorney General's enforcement of the Registration Disclaimer provision as moot because the Florida Legislature repealed the challenged provision during the pendency of the appeal. *League of Women Voters of Fla. Inc. v. Fla. Sec'y of State*, 66 F.4th 905, 951 (11th Cir. 2023). The Eleventh Circuit upheld the permanent injunction prohibiting the Defendant Supervisors of Elections from enforcing SB 90's Solicitation Definition. *Id.* at 948.

With the relevant procedural history established, this Court turns to the substance of the motion. Plaintiffs' motion for fees and costs boils down to two questions: (1) whether the Florida Legislature's repeal of the challenged Registration Disclaimer provision while this case was on appeal deprives Plaintiffs of prevailing party status under section 1988; and (2) whether the Secretary of State's status as an intervenor immunizes him from liability for section 1988 fees on Plaintiffs' Solicitation Definition challenge. The answer to both questions is "no."

## II

First, Plaintiffs' prevailing party status on their Registration Disclaimer provision challenge. Absent the Florida Legislature's repeal of the Registration Disclaimer provision that mooted this case on appeal, Plaintiffs' prevailing party

3

status would be obvious—they won a permanent injunction on this claim at the district court level. But the Secretary claims that because this legislative repeal prompted the Eleventh Circuit to vacate the permanent injunction on this provision under *United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950), Plaintiffs are not prevailing parties under section 1988. ECF No. 362 at 3.

Under section 1988, district courts have the discretion to award fees to litigants if it determines that they "succeeded on any significant issue in litigation which achieved some of the benefit the parties sought in bringing suit." *Thomas v. Bryant*, 614 F.3d 1288, 1294–95 (11th Cir. 2010) (quoting *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791–92 (1989)). "The touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties . . . ." *Tex. State Teachers Ass'n*, 489 U.S. at 792–93.

While the Eleventh Circuit has not squarely addressed whether *Munsingwear* vacatur deprives a party of prevailing party status on section 1988, it has addressed a similar issue. In *Thomas v. Bryant*, an inmate who succeeded in winning a permanent injunction at the district court level died while the case was on appeal, rendering the case moot. 614 F.3d at 1294. The Eleventh Circuit held that even though the permanent injunction was due to be dissolved because the case was now moot, the inmate still was a prevailing party under section 1988. *Id.* The Eleventh Circuit set out the common-sense principle that "[w]hen plaintiffs clearly succeeded

4

in obtaining the relief sought before the district court and an intervening event rendered the case moot on appeal, plaintiffs are still 'prevailing parties' for the purposes of attorney's fees for the district court litigation." *Id.* (quoting *Diffenderfer v. Gomez–Colon*, 587 F.3d 445, 454 (1st Cir. 2009)). The Eleventh Circuit adhered to a similar principle in *Common Cause/Georgia v. Billups*, where it held that plaintiffs qualified as prevailing parties under section 1988 after they won a preliminary injunction that "remained effective until Georgia repealed the law at issue." 554 F.3d 1340, 1356 (11th Cir. 2009).

Under this framework, Plaintiffs are prevailing parties for their challenge to the Registration Disclaimer provision. Just like the plaintiff in *Thomas*, Plaintiffs won a permanent injunction at the district court level that was mooted on appeal. And while the Eleventh Circuit in *Common Cause/Georgia* didn't address the effect of *Munsingwear* vacatur on prevailing party status directly, one straightforward takeaway from the case is applicable here—namely, an injunction won at the district court level but later mooted by legislative repeal still entitles the plaintiffs to prevailing party status under section 1988. This Court sees no reason to depart from that principle here. Plaintiffs won a permanent injunction that was mooted on appeal only because the Florida Legislature repealed an unconstitutional law. Defendants can no longer enforce the Registration Disclaimer provision against Plaintiffs. On these facts, that's a material alteration of the legal relationship of the parties. *See Tex.*

*State Teachers Ass'n*, 489 U.S. at 792–93.

The Secretary cites several cases to argue that Plaintiffs won only a transient victory, but those cases don't help him. One case, *Sole v. Wyner*, involved a plaintiff who won a preliminary injunction only to be denied a permanent injunction later in the case. 551 U.S. 74, 83 (2007). The Supreme Court in *Sole* held only that "[p]revailing party status . . . does not attend achievement of a preliminary injunction that is reversed, dissolved, or otherwise undone by the final decision in the same case." *Id.* That's not what happened here. Plaintiffs won a *permanent* injunction which prevented Defendants from enforcing the Registration Disclaimer provision, a victory made equally permanent when the Florida Legislature repealed the law. The fact that Plaintiffs no longer have an active injunction (because the challenged provision no longer exists) doesn't take away from the fact that they achieved a material, enduring legal change—Defendants cannot enforce the Registration Disclaimer provision against them.

The Secretary also relies on Judge Oldham's lone concurrence in the Fifth Circuit's en banc decision in *Thomas v. Reeves*, 961 F.3d 800, 827 (5th Cir. 2020), but that opinion is not persuasive.[3] The concurrence focuses on the technical effect

---

[3] As Plaintiffs aptly note, Judge Oldham's lone concurrence in an *en banc* decision "does not reflect the law of the Fifth Circuit," ECF No. 366 at 14—let alone the law of the Eleventh Circuit.

of an injunction to determine prevailing party status, but that's not the standard to determine prevailing party status. *See Sole*, 551 U.S. at 86 (looking to whether the litigant achieved an "enduring 'chang[e][in] the legal relationship' between herself and the state officials she sued" to determine prevailing party status). Accepting the Secretary's understanding of a prevailing party would eviscerate section 1988's remedial effect by permitting states to litigate unconstitutional statutes at the district court level and erase fee liability on appeal by repealing the statute. That dog won't hunt.

The greater weight of authority tips in favor of Plaintiffs being prevailing parties under section 1988 on their Registration Disclaimer provision challenge. Accordingly, this Court finds that Plaintiffs are prevailing parties entitled to reasonable fees and costs under section 1988 for their challenge to the Registration Disclaimer provision.

III

Next, Plaintiff's request to collect attorney's fees and costs from the Secretary in his role as an intervenor on the Solicitation Definition challenge.[4] Start with the relevant text of 42 U.S.C. 1988(b). It reads, "In any action or proceeding to enforce a provision of [section 1983], the court, in its discretion, may allow the prevailing

---

[4] The Secretary does not dispute that Plaintiffs are prevailing parties for their challenge to the Solicitation Definition—instead, he disputes whether his office should be the one to pay for them.

7

party, other than the United States, a reasonable attorney's fee as part of the costs . . . ." 42 U.S.C.A. § 1988(b). The statute gives this Court discretion to award fees and costs. The statute does not limit attorney fee liability to named parties, nor does it expressly exclude intervenors. The Supreme Court has explained that, generally, "the logical place to look for recovery of fees is to the losing party—the party legally responsible for relief on the merits." *Kentucky v. Graham*, 473 U.S. 159, 164 (1985).

The necessary connection between merits liability and fee liability, however, can extend to intervenors. In *Mallory v. Harkness*, the district court held that Florida's Attorney General was liable for fees under section 1988 where he had voluntarily intervened in a challenge to a state law because the Attorney General acted as the representative of the state. 923 F. Supp. 1546, 1553 (S.D. Fla. 1996), *aff'd*, 109 F.3d 771 (11th Cir. 1997). There, the named defendants and actual enforcers of the challenged law declined to defend it in court, so the Attorney General stepped in and "took all steps ordinarily taken by a defendant and, in fact, acted as the defendant . . . ." *Mallory*, 923 F. Supp. at 1553. The district court in *Mallory* explained that the Attorney General, as the state's representative, was culpable for the plaintiff's civil rights violation because the "state enacted, enforced, and defended the unconstitutional statute." *Id.* "The state should not be allowed to require the [named defendant] to enforce an unconstitutional statute, defend that statute on the merits as an intervenor in federal court, and then attempt to use its

8

intervenor status to escape liability for attorney's fees." *Id.* "Allowing such a loophole violates the policy behind 42 U.S.C. § 1988." *Id.*

While *Mallory* is not binding on this Court, it is persuasive. And, given its affirmance by the Eleventh Circuit, it's also the best indication of what the law is in this Circuit. Further, several other circuits have acknowledged that state intervenors stepping in for other state actors may bear fee liability under section 1988. *See Planned Parenthood of Cent. N.J. v. Att'y Gen. of State of N.J.*, 297 F.3d 253, 264 (3d Cir. 2002) (holding that state legislature is liable for fees under section 1988 where, notwithstanding its legislative immunity, it intervened to defend a suit that state executive officials refused to defend); *Brat v. Personhuballah*, 883 F.3d 475, 484 (4th Cir. 2018) (noting that where "the intervening party was a representative of the State responsible for enacting or enforcing the challenged statute, not an independent third party who could not be charged with liability," section 1988 fee liability may attach). In plain terms, a state actor that intervenes in place of another state actor is sufficiently connected to the underlying constitutional violation for section 1988 fee liability to attach because, at the end of the day, the state itself is the culpable party.

That's the case here. As the Secretary made clear before this Court in his motion to intervene, *see* ECF No. 337-1 *in* Case No. 4:21cv186-MW/MAF—as well as before the Eleventh Circuit, *see* Secretary's Reply Brief, 2022 WL 4078872, at

9

*8—he has an interest in the continued enforceability of election law, even when those laws are enforced by county-level supervisors. The Secretary has this interest because he represents the State of Florida in election-related matters. ECF No. 337-1 at 7 *in* Case No. 4:21cv186-MW/MAF. And as the district court in *Mallory* explained, a state intervenor like the Secretary "should not be allowed to require [a different state actor] to enforce an unconstitutional statute, defend that statute on the merits as an intervenor in federal court, and then attempt to use its intervenor status to escape liability for attorney's fees." 923 F. Supp. at 1553. Permitting this type of end-run-around defeats section 1988's policy of compensating prevailing plaintiffs for the costs of bringing a suit to vindicate their constitutional rights.

The Secretary attempts to invoke the Supreme Court's decision in *Independent Federation of Flight Attendants v. Zipes*, 491 U.S. 754 (1989) as a shield from fee liability here, but he fails. In *Zipes*, the Supreme Court held that a blameless intervenor could be held liable for fees "only where the intervenors' action was frivolous, unreasonable, or without foundation." 491 U.S. at 761.[5] But unlike the intervenor in *Zipes*, the Secretary is not "blameless." The intervenor in *Zipes* bore no connection to the underlying civil rights violation in the lawsuit. Here, the Secretary is the representative of the State of Florida, which is the culpable party in

---

[5] Although *Zipes* dealt with fee awards against intervenors under Title VII, the Supreme Court noted that section 1988 should be interpreted in the same way. 491 U.S. at 758 n.2.

this case because it "enacted, enforced, and defended the unconstitutional statute," leading to the violation of Plaintiffs' civil rights. *See Mallory*, 923 F. Supp. at 1553.

While the Secretary cites the Fourth Circuit's decision in *Brat v. Personhuballah* for the proposition that *Zipes* applies to state intervenors like himself, ECF No. 362 at 6, *Brat* didn't say that. *Brat* did not involve a state actor intervening to defend state law. Instead, the Fourth Circuit in *Brat* applied *Zipes* to a *federal* legislator that intervened to defend a *state* law. 883 F.3d at 483. Further, the Fourth Circuit acknowledged that where an unconstitutional statute is involved, the 'blameworthy' party under *Zipes* is the state that enacted the statute." *Id.* at 484. Several of the other cases the Secretary cites are unpersuasive for this same reason— they do not concern a state actor intervening to defend a state law. *See Doe v. Sch. Bd. for Santa Rosa Cnty.*, No. 3:08CV361/MCR/EMT, 2010 WL 11519438, at *1 (N.D. Fla. Mar. 24, 2010) (applying *Zipes* to a non-state intervenor); *Miller v. Moore*, 169 F.3d 1119, 1126 (8th Cir. 1999) (same); *Costco Wholesale Corp. v. Hoen*, 538 F.3d 1128, 1133 (9th Cir. 2008) (same). And while the district court in *Stout v. Jefferson County Board of Education* did apply *Zipes* to a state intervenor, it did so on agreement by the parties. No. 2:65-CV-00396-MHH, 2019 WL 7811389, at *19 (N.D. Ala. Dec. 23, 2019).

In short, the Secretary cannot duck section 1988 by insisting that he's not the proper party for this suit only to rejoin later as an intervenor. Accepting the

11

Secretary's argument would eviscerate the purpose of section 1988—to compensate parties that prevail in stopping state actors from violating their constitutional rights. If the Secretary doesn't want to risk being on the hook for fees under section 1988, he could have accepted his dismissal for lack of standing—one that he specifically asked for—and deferred to the Supervisors' decision to refuse to defend this unconstitutional provision.[6] Instead, the Secretary came back into this case to defend another unconstitutional law from the State of Florida. On these facts, the Secretary is liable for fees and costs for their Solicitation Definition challenge under section 1988.

IV

As set out above, Plaintiffs are prevailing parties under section 1988 for their challenges to SB 90's Registration Disclaimer provision and its Solicitation

---

[6] Of course, this Court is left in the strange position of discussing fee liability for a properly admitted intervenor that somehow lacks Article III standing because of the standing framework created by the Eleventh Circuit in *Jacobson v. Florida Secretary of State*, 974 F.3d 1236, 1253 (11th Cir. 2020). Under this framework, Plaintiffs must sue nominal defendants in the Supervisors, who, largely, did not ask for SB 90 and did not defend the Solicitation Definition. But these "independent" constitutional officers' decisions to abandon this unconstitutional provision is also sufficient to trigger the Secretary's interest to intervene to defend Florida's election laws. After all, the Secretary is Florida's chief election officer, tasked with maintaining uniformity in the enforcement of election laws. It's enough of a connection to the challenged statute for the Secretary to be properly named as a defendant under *Ex parte Young*. But binding Eleventh Circuit precedent dictates that it just isn't enough for a "case or controversy" under Article III. Perhaps this framework also permits the Secretary to have his cake and eat it too by hiding behind the Supervisors while still defending laws he claims not to enforce all the while avoiding fee liability under section 1988. It's not like this money all comes from the same place—the Supervisors maintain a budget derived from county-level funds separate from the Secretary's budget that would be used to pay for a prevailing party's fees. If that's the case, the Eleventh Circuit can make that clear. But that's not how this Court understands the law.

Definition. The Secretary is liable for Plaintiffs' attorneys' fees, expert fees, and litigation expenses for their challenges to the Registration Disclaimer provision and the Solicitation Definition. Accordingly, Plaintiffs' motion to determine entitlement to fees, ECF No. 358, is **GRANTED**. The parties shall now follow the procedure set out in Local Rule 54.1(E)–(G) to determine the amount of fees and costs due here. Further, this Court will no longer hold Plaintiff's bill of costs, ECF No. 318, in abeyance. Defendants shall file a response in opposition, if any, within fourteen days pursuant to Local Rule 54.2(A).

        **SO ORDERED on May 23, 2024.**

                     **s/Mark E. Walker**
                     **Chief United States District Judge**