IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

FLORIDA RISING TOGETHER, et al.,

    *Plaintiffs*,

v.                                    Case No.: 4:21cv201-MW/MJF

CORD BYRD,
in his official capacity as the
Secretary of State of Florida,
et al.,

    *Defendants*,

and

NATIONAL REPUBLICAN
SENATORIAL COMMITTEE and
REPUBLICAN NATIONAL
COMMITTEE,

    *Intervenor-Defendants.*
_____/

## ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DETERMINE FEE AMOUNT

This Court has considered, without hearing, Plaintiffs' motion to determine the amount of attorneys' fees and expenses, ECF No. 376, Defendant's response, ECF No. 381, Plaintiffs' reply, ECF No. 387, and all attachments. For the reasons set out below, Plaintiffs' motion is **GRANTED in part and DENIED in part**.

I

This Court will first address the appropriate amount of attorneys' fees to be awarded to Plaintiff. The Eleventh Circuit has adopted the lodestar method to determine the reasonableness of an award of attorneys' fees. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). To determine a lodestar amount, a court must ascertain a reasonable hourly rate and multiply it by the number of hours an attorney reasonably expended on the litigation. *Id.* Where the time or fees claimed seem excessive, or there is a lack of support for the fees claimed, "the court may make the award on its own experience." *Id.* at 1303. The burden of establishing that the fee request is reasonable rests with the fee applicant, who must "submit evidence regarding the number of hours expended and the hourly rate claimed." *U.S. ex rel. Educ. Career Dev., Inc. v. Cent. Fla. Reg'l Workforce Dev. Bd., Inc.*, No. 6:04-CV-93, 2007 WL 1601747, at *3 (M.D. Fla. June 1, 2007). Evidence in support of the fee applicant's request requires "sufficient particularity so that the district court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303.

This Court begins with an analysis of the hourly rates Plaintiffs' attorneys seek. This Court then considers whether Plaintiffs' submissions demonstrate that the number of hours claimed are reasonable. Finally, this Court considers whether the results in the case warrant adjustment of the lodestar figure.

A. <u>Reasonable Hourly Rates</u>

A "reasonable hourly rate" is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Maner v. Linkan LLC*, 602 F. App'x 489, 493 (11th Cir. 2015) (quoting *Norman*, 836 F.2d at 1299). "The party seeking attorney's fees bears the burden of establishing that the requested hourly rate is in line with prevailing market rates." *Id.* In establishing a reasonable hourly rate, the court may "rely on its own expertise and where appropriate" and may also consider certain case-specific factors.[1] *Id.*

Here, Tallahassee represents the relevant legal market for purposes of this analysis. Plaintiffs seek hourly rates ranging from $100.00 an hour for legal assistants to $450.00 an hour for senior counsel. ECF No. 376 at 12–15. Plaintiffs also submitted a declaration from their attorneys' fee expert, Luis Suarez. ECF No. 376-17. Mr. Suarez's declaration opines that, based on his expertise, his review of the case, and the lawyers' billing records, the hourly rates that Plaintiffs seek are

---

[1] "These factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Maner*, 602 F. App'x at 492 (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir.1974)).

reasonable. In turn, Defendant also agrees that Plaintiffs' requested hourly rates are reasonable. ECF No. 381 at 4. Accordingly, without objection from Defendant and based on this Court's own expertise, this Court finds Plaintiff's proposed rates to be reasonable.

### B. Numbers of Hours Reasonably Expended

The next step in the computation of the lodestar is a determination of reasonable hours expended on the litigation. A fee applicant must set out the general subject matter of the time expended by the attorney "with sufficient particularity so that the court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303. Excessive, redundant, or otherwise unnecessary hours should be excluded from the amount claimed. *Id.* at 1301. A fee applicant must exercise billing judgment by excluding "excessive, redundant, or otherwise unnecessary [hours]." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). Where a fee applicant does not exercise billing judgment, "courts are obligated to do it for them." *ACLU of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999).

When a request for attorneys' fees is unreasonably high, the court "may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut," but it cannot do both. *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350–51 (11th Cir. 2008). The Eleventh Circuit has "recognized that in cases 'where fee documentation is voluminous,' it will not be feasible to require a court to

'engage in such a precise [hour-by-hour] review.' " *Villano v. City of Boynton Beach*, 254 F.3d 1302, 1311 (11th Cir. 2001) (quoting *Loranger v. Stierheim*, 10 F.3d 776, 783 (11th Cir. 1994)) (finding 569.3 hours to be sufficiently voluminous that no hour-by-hour analysis was required). Accordingly, given the voluminous records in support of Plaintiffs' fee request, this Court will do rough justice by performing across-the-board reductions where necessary.

Plaintiffs' attorneys expended well over 11,000 hours litigating this case. *See* ECF Nos. 376-1, 376-7, 376-10, and 376-13. However, Plaintiffs' fee request includes only 8,552.10 hours of attorney time. ECF No. 376-17 at 7-8. Multiplied by these attorneys' reasonable hourly rates, this yields a lodestar figure of $1,454,615.99. *Id*. at 8. This figure incorporates voluntary 5% reductions in fees requested by Advancement Project and Demos and a voluntary 50% reduction in fees requested by Arnold & Porter "in recognition of the number of lawyers representing Plaintiffs in this case." ECF No. 376 at 21-22.

In response, Defendant argues that the requested time, even after the asserted exercise in billing judgment and other reductions, is unreasonable.[2] Defendant points to its fee expert's declaration in support of the argument that "too many Plaintiffs' attorneys worked on this case, the compelled-speech and vagueness issues are

---

[2] This Court is unpersuaded by Defendant's initial position as to reasonableness of hours, which is just a repackaged argument challenging Plaintiffs' entitlement to fees as prevailing parties.

5

discrete and involved little facts, and given the attorneys' specialization in voting-rights cases, their familiarity with voting-rights law should have greatly reduced the hours sought in this case." ECF No. 381 at 7. This Court agrees.

By any measure, employing over thirty attorneys for over 8,000 hours to litigate the discrete issues concerning the solicitation ban's vagueness and the registration disclaimer's compelled speech problem is unreasonable. Notwithstanding Plaintiffs' fee expert's generalized opinion that the amount of time spent on this case is reasonable, *see* ECF No. 376-17 at 7, this Court is persuaded, both based on its own expertise in assessing reasonable fees and by Defendant's fee expert's recommendation, that an additional 45% reduction is warranted to account for the excessive number of hours Plaintiffs have requested. Accordingly, this Court imposes an across-the-board reduction of 45% to Plaintiffs' requested hours for a total number of hours reasonably expended in this litigation of 4,703.65 hours. Multiplied by the attorneys' reasonable hourly rates yields a lodestar of **$800,038.79.**

### C. Adjustment of Lodestar Due to Results Obtained

"[T]here is a strong presumption that the lodestar is the reasonable sum the attorneys deserve." *Ela v. Destefano*, 869 F.3d 1198, 1203 (11th Cir. 2017) (internal quotation marks omitted). "If the lodestar is reasonable, a downward adjustment is merited only if the prevailing party was partially successful in its efforts." *Id.*

6

(internal quotation marks omitted). "A district court must determine what counts as partial success on a case-by-case basis." *Id.*

"[I]n complex civil rights litigation involving numerous challenges to institutional practices or conditions," "a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised." *See Hensley*, 461 U.S. at 436–40. But, "[w]here the plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee." *Id.* at 440. *"*Where all theories derive from a common core of operative facts, the focus should be on the significance of overall results as a function of total reasonable hours." *Norman*, 836 F.2d at 1302.

Here, Plaintiffs originally pressed eight counts challenging four separate provisions of Florida law under a plethora of legal theories. *See* ECF No. 59. Plaintiffs' challenges based on race discrimination predominated over the proceedings, both pre-trial and during the two-week bench trial. Nonetheless, only a small fraction of Plaintiffs' overall success before this Court survived on appeal to the Eleventh Circuit. As a result, Defendant asserts that the lodestar requires further reduction based on the limited success that Plaintiffs obtained in this case. As Defendant's fee expert opines, "[n]ot only did [Plaintiffs] prevail on far fewer than half of [their] distinct claims, but those issues were not the primary focus of

7

[Plaintiffs'] efforts." ECF No. 381-1 at 16. As this Court is well aware, "the two issues [Plaintiffs] won comprised a small minority of the time spent on the case from its inception." *Id*. Accordingly, this Court agrees that a further reduction is necessary to account for the limited success obtained in this case. This Court is persuaded by Defendant's expert's recommendation that a 75% reduction is appropriate to account for the success obtained on the two distinct claims, which, again, presented a small minority of the issues that were vigorously litigated before this Court. *See id*. at 17. Accordingly, this Court will further reduce the adjusted loadstar by 75% to account for the results obtained, for a total fee award of **$200,009.75.**

II

Next, this Court considers Plaintiffs' requested expenses, totaling $683,389.71. ECF No. 376. These expenses include expert witness fees, contract attorney fees for document review, deposition and transcript expenses, printing, postage, travel expenses, and filing fees. Defendant asserts these costs are excessive and unsupported. ECF No. 381 at 8. This Court agrees.

"[A]ll reasonable expenses incurred in case preparation, during the course of litigation, or as an aspect of settlement of the case may be taxed as costs under section 1988," except for "routine office overhead normally absorbed by the practicing attorney." *Dowdell v. City of Apopka*, 698 F.2d 1181, 1192 (11th Cir. 1983). "The guideline on what is includable must be that which is appropriate in the

8

context of the attorney-client relationship, the substantive and procedural nature of the case, and the climate in which the litigation is conducted." *Id*. And [t]he guideline on what is excludable is that which is specified in the legislative history: section 1988 may not be subverted into a ruse for producing 'windfalls' for attorneys." *Id*.

Having reviewed Plaintiffs' submissions, this Court is not persuaded that Plaintiffs' requested expenses are reasonable. *See* N.D. Fla. Loc. R. 54.1(E)(1) ("The declaration must include sufficient detail to allow a determination of reasonableness."). For starters, Plaintiffs seek nearly $150,000.00 in expert fees with little to no explanation of whether or how these expenses are limited to the work performed for the narrow issues that Plaintiffs succeeded upon in this litigation. Nor have Plaintiffs pointed to any authority suggesting they are entitled to over $300,000.00 in "Contract Document Review Sources," or over $150,000.00 in "eData management," ECF No. 387 at 11, vis-à-vis the narrow claims upon which they ultimately prevailed and which Plaintiffs distinguished from their other "fact-intensive" claims. *See* ECF No. 241-1 at 6. This Court is likewise unpersuaded by the conclusory assertion that taxing "deposition and trial transcripts" is simply "customary," *see* ECF No. 376 at 23, and therefore Plaintiffs are entitled to over $20,000.00 for these expenses that have no other explanation for how such costs were necessarily incurred for the prosecution of Plaintiffs' successful claims. And this Court is similarly unpersuaded by Plaintiffs' suggestion that not seeking

9

expenses for routine office overhead costs like "electronic research costs, internal duplicating expenses, and internal travel expenses," ECF No. 376-1 at 22, provides any additional support for the excessive costs Plaintiffs have claimed.

In short, Plaintiffs fail to demonstrate that their extraordinary request for non-taxable expenses is reasonable, particularly when almost half of these expenses apparently include re-packaged attorney fees for the contract attorneys hired to sift through discovery, most of which had little to do with the claims on which Plaintiffs actually prevailed. Given the lack of support, and in light of the reduction this Court has already imposed based on the limited results obtained in this case, this Court will limit Plaintiffs' expenses only to $2,338.00 for the combined "filing fees"[3] for Arnold & Porter and the Advancement Project.

Accordingly,

**IT IS ORDERED:**

1. Plaintiffs' motion to determine amount of fees, ECF No. 376, is **GRANTED in part and DENIED in part.**

2. Plaintiffs are entitled to $**200,009.75.** in attorneys' fees.

---

[3] What Plaintiffs identify as "filing fees" are actually the total expenses for entering *pro hac vice* appearances with this Court for their core members, not the full complement of attorneys who appeared on Plaintiffs' behalf. Although this Court certainly would not find it reasonably necessary to have a cadre of dozens of lawyers to litigate the two narrow issues that ultimately succeeded in this case, this Court concludes that the limited request for *pro hac vice* expenses is reasonable.

3. Plaintiffs are entitled to **$2,338.00** for the combined filing fees for Arnold & Porter and the Advancement Project.

4. The Clerk shall enter a fee and cost judgment stating, "Plaintiffs are entitled to judgment against Defendants in the amount of **$200,009.75** in attorneys' fees and **$2,338.00** in costs, for a total judgment amount of **$202,347.75,** for which sum let execution rest."

5. The Clerk shall close the file.

   **SO ORDERED on December 20, 2024.**

                                               <u>s/Mark E. Walker      </u>
                                               **Chief United States District Judge**